## GREEN *v.* McINTIRE.

---

DEED OF TRUST; REDEMPTION; PARTIES; DEMURRER.

Persons claiming under one to whom property was sold under a deed of trust are necessary parties to suit brought by the grantor to redeem the property from a sale under a prior deed of trust, and the failure to make them parties renders the bill of complaint demurrable, notwithstanding an averment that the plaintiff has arranged with such persons to redeem the premises.

No. 2413.   Submitted October 17, 1912.   Decided November 4, 1912.

HEARING on appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia holding an Equity Court sustaining a demurrer to the bill in a suit to redeem certain real estate from a sale under a deed of trust.   *Affirmed.*

The facts are stated in the opinion.

*Mr. John Ridout* for the appellant.

*Mr. Edward S. Bailey, Mr. Charles Cowles Tucker, Mr. J. Miller Kenyon,* and *Mr. Henry B. F. Macfarland,* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellant, Galen E. Green, plaintiff below, filed a bill in equity in the supreme court of the District of Columbia to redeem certain real estate situated in the city of Washington from a sale under a deed of trust.

Plaintiff avers, in his amended bill of complaint, that on April 10, 1891, he executed a deed of trust on the real estate in question to secure the payment of a note for $500, payable five years after date, to the order of one Cuvier Green. The trustees named in the deed were Edwin A. McIntire and George R. May. The note was subsequently indorsed and delivered to Edwin A. McIntire, who, it is averred, furnished the money for the loan. In June, 1900, plaintiff tendered to McIntire full payment of the indebtedness secured by the deed of trust and a deed of release for execution. McIntire refused to accept payment or release the trust. It is averred that on or about December 22, 1902, McIntire, acting independently of May, sold the property under the deed of trust to his sister, Emma McIntire, and thereafter the trustees, McIntire and May, conveyed the property to Emma McIntire, who, in turn, conveyed it to defendant Lettie F. McIntire. Edwin A. McIntire died November 26, 1907, and defendants Elwood W. McIntire and Lettie F. McIntire are executor and executrix of his estate.

It is further averred that the property was subject to a certain deed of trust securing one Emma Garrett for the sum of $400; that the sale by McIntire was illegal, of which fact plaintiff publicly notified all persons present at the sale; that the sale to Emma Garrett was made after plaintiff had made the tender of payment to McIntire; that negotiations had been made, but without avail, by plaintiff on behalf of himself and Garrett for the redemption of the property from McIntire, and that "plaintiff has recently arranged with the parties now interested under said Emma Garrett to redeem said lot on terms which have been arranged between them." Plaintiff prays for an accounting to ascertain the amount equitably due from plaintiff to McIntire,

and that, upon payment of the amount so found, McIntire be decreed to convey the property to plaintiff.

Defendants demurred to the amended bill, on the grounds (1) of failure to state a cause of action that would entitle plaintiff to the relief sought against defendant; (2) of laches, and (3) of defect of parties, in that the persons claiming under Emma Garrett are necessary parties to the bill of complaint. On hearing, the court sustained the demurrer, and, plaintiff refusing to further amend, a decree was entered dismissing the bill, from which the cause comes here on appeal.

Plaintiff does not question the validity of the sale of Emma Garrett. This sale, devesting plaintiff of all equitable and legal title to the property, occurred two years before the McIntire sale. Garrett became the owner of the property, subject to the first trust. Plaintiff's averment that he has recently arranged with the persons interested under Garrett to redeem the premises is not sufficient to enable the court, in the absence of a showing that he is the grantee of Garrett, to enter a decree affecting the interest of Garrett. The title of Garrett stands as a barrier between plaintiff and McIntire, and whatever merit plaintiff's complaint against McIntire may have it is clear that it cannot be adjudicated without the presence of Garrett. In the case of *Kendig* v. *Dean,* 97 U. S. 423, 24 L. ed. 1061, it was held that a person without whom no decree could be effectively pronounced or enforced is an indispensable party, and the court could not proceed without him. In *Shields* v. *Barrow,* 17 How. 130, 15 L. ed. 158, indispensable parties were defined to be "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience. New parties cannot be brought into a cause by cross bill. Hence, with the defect in the amended bill before the court, and the refusal of plaintiff to further amend and correct this defect, it was proper for the court to enter a decree dismissing the bill.

It is unnecessary to consider the other questions raised by the demurrer. The decree is affirmed, with costs.     *Affirmed.*