## MELLON, SECRETARY OF THE TREASURY OF THE UNITED STATES, ET AL. *v.* ORINOCO IRON COMPANY.

### APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 491.   Motion to dismiss or affirm submitted October 13, 1924.— Decided November 17, 1924.

The Act of February 27, 1896, c. 34, 29 Stat. 32, directs that moneys received by the Secretary of State from foreign governments in trust for citizens of the United States or others, shall be deposited in the Treasury; and that the Secretary of State shall determine the amounts due claimants from such funds and certify the same to the Secretary of the Treasury who, upon presentation of such certificates, shall pay the amounts so found to be due; the act appropriating such funds in the Treasury " for the payment to the ascertained beneficiaries thereof of the certificates herein provided for."

*Held,* that the duty of the Secretary of the Treasury in paying such certificates is ministerial; and that, where the claimant named in a certificate held as trustee *ex maleficio* for another whose equity the Secretary of State had remitted to the courts, the Supreme Court of the District of Columbia had jurisdiction of a suit brought by such beneficial owner against the other in which the Secretary of the Treasury and the Treasurer of the United States might be impleaded, be required to pay over the money to a receiver, and be enjoined from making other disposition of it. *Houston* v. *Ormes,* 252 U. S. 469. P. 125.

54 App. D. C. 218; 296 Fed. 965, affirmed.

APPEAL by the Secretary of the Treasury and the Treasurer of the United States from a decree of the Court of Appeals of the District of Columbia, which affirmed a

decree of the Supreme Court of the District directing payment of a fund to a receiver and granting an injunction against other disposition of it.

*Mr. William R. Harr* and *Mr. Edward S. Duvall,* for appellee, in support of the motion to dismiss or affirm.

*Mr. Solicitor General Beck,* for appellants, in opposition to the motion.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The subject of this suit is $56,250, now in the Treasury of the United States, which is the undistributed balance of an indemnity of $385,000 received by the Secretary of State from Venezuela. This was in satisfaction of the claim of the Orinoco Company, Limited, hereafter known as the Limited Company, against Venezuela because of her illegal annulment of the so-called Fitzgerald concession, which by mesne transfers from the original concessionaire had vested in the Limited Company, and of her ouster of that company. The appellee, the Orinoco Iron Company, was the lessee of the Limited Company of mining rights in the concession covering the remainder of the term of the concession, and was in possession of them at the time of the ouster. The Iron Company had engaged actively in mining operations and had expended $175,000 in exploiting and operating the mines when its property and rights were thus confiscated.

At the instance of the Limited Company, our Department of State made the claim against Venezuela for the injuries sustained, and finally a protocol was signed between the two countries whereby Venezuela agreed to pay and did pay $385,000 to the United States.

By Act of February 27, 1896, c. 34, 29 Stat. 28, 32, it is provided as follows:

"Hereafter all moneys received by the Secretary of State from foreign governments and other sources, in trust for citizens of the United States or others, shall be deposited and covered into the Treasury.

"The Secretary of State shall determine the amounts due claimants, respectively, from each of such trust funds, and certify the same to the Secretary of the Treasury, who shall, upon the presentation of the certificates of the Secretary of State, pay the amounts so found to be due.

"Each of the trust funds covered into the Treasury as aforesaid is hereby appropriated for the payment to the ascertained beneficiaries thereof of the certificates herein provided for."

After the payment was made into the Treasury of the United States, a controversy arose between the receiver of the Limited Company, who had meantime been appointed by a Minnesota state court, and the Orinoco Iron Company, the present appellee, as to who was entitled to the fund, and the latter sought to have the payment ordered made to it. The Secretary of State, in a letter to the counsel of the Orinoco Iron Company said in answer:

"I desire to say that the Department of State, in making its determination as to the distribution of awards or settlements of international claims, is always guided by certain fundamental rules, which may be roughly stated as follows:

"The awards are distributed among the original claimants showing themselves entitled thereto, or to the heirs, representatives, devisees, or legal assignees of such claimants. On occasion the Department also makes payments to such other persons in such amounts as the parties above indicated, being determined, shall agree and direct. Except as to such claimants claiming to share in the award as claimants, or their heirs, devisees, representatives, or legal assignees claiming to share in the award by

reason of such relationship to such claimants, all parties who allege claims against the fund itself, as also all creditors of such claimants, or of their heirs, devisees, representatives, or legal assignees, are in accordance with the uniform rule and practice of the Department remitted to the courts for the enforcement of the rights of which they consider themselves possessed, or to private agreement with the parties in interest,—as they may be advised."

The Secretary of State accordingly directed the payment of the money to the Limited Company and to other persons designated by it, and sent proper certificates to the Secretary of the Treasury for such distribution.

The Orinoco Iron Company then filed this bill in the Supreme Court of the District of Columbia to restrain the Secretary of the Treasury and the Treasurer of the United States from paying the fund still remaining in the Treasury to the Limited Company and its receiver, LeCrone, in accordance with the certificate of the Secretary of State, and asked that a receiver be appointed to receive the fund while the right of the complainant to appropriate the fund to its claim should be litigated. The Limited Company and its receiver were made parties, and the issue between the complainant and the Limited Company, with respect to this fund, was heard and decided in favor of the complainant and present appellee. Both the Supreme Court of the District and the Court of Appeals found that at least $175,000 of the $385,000 of the award was based upon the contributions which the Orinoco Iron Company had made in execution of its contract to work the iron mines of the concession, and that the Limited Company in ignoring and denying all rights of the Orinoco Iron Company to share in the fund had been guilty of fraud in appropriating that which was the equitable interest of the Orinoco Iron Company. Accordingly the injunction was made permanent, a re-

ceiver was appointed, and the Secretary of the Treasury was directed to pay the $56,250 to that receiver, who was authorized to execute a full acquittance of the United States as from the parties to the suit.

This is an appeal by the Secretary of the Treasury and the Treasurer of the United States to which the Orinoco Company, Limited, and its receiver are not parties. They took a separate appeal which was dismissed last term, 265 U. S. 598. The question raised on this appeal therefore does not involve the merits of the controversy between the Orinoco Iron Company, the appellee, and the Orinoco Company, Limited, and its receiver. We must assume here, therefore, that in attempting to take over and deny to the Orinoco Iron Company the equitable interest of that company, the Orinoco Company, Limited, and its receiver are as to the Iron Company in the position of a trustee *ex maleficio.*

It is contended, on behalf of the Secretary of the Treasury, that his duty in this regard is entirely ministerial, that he must carry out the behest of the Secretary of State, who is charged by law with determining who the proper claimants are, and therefore that, after the decision of the Secretary of State, no court may interfere between the payment by the Secretary of the Treasury to the claimant found to be entitled. We consider this question to be already settled by the decision of this Court against the Government's contention.

In *Houston* v. *Ormes*, 252 U. S. 469, Congress had appropriated $1,200 to pay a claim found by the Court of Claims to be due to one Susan Sanders. This was a suit, brought by one who claimed an equitable lien for attorney's fees upon the amount thus appropriated, to enjoin the Secretary of the Treasury and the Treasurer of the United States from paying the amount due on that lien to the person named in the appropriation, and to require them to pay the sum claimed to a receiver in the

suit pending the hearing and to accept the receipt of the receiver as in full acquittance of the Government from the parties to the suit for the amount paid him. The Court in that case said, p. 473:

" In the present case it is conceded, and properly conceded, that payment of the fund in question to the defendant Sanders is a ministerial duty, the performance of which could be compelled by a mandamus. But from this it is a necessary consequence that one who has an equitable right in the fund as against Sanders may have relief against the officials of the Treasury through a mandatory writ of injunction, or a receivership which is its equivalent, making Sanders a party so as to bind her and so that the decree may afford a proper acquittance to the Government. The practice of bringing suits in equity for this purpose is well established in the courts of the District (*Sanborn* v. *Maxwell,* 18 App. D. C. 245; *Roberts* v. *Consaul,* 24 App. D. C. 551, 562; *Jones* v. *Rutherford,* 26 App. D. C. 114; *Parish* v. *McGowan,* 39 App. D. C. 184; *s. c.* on appeal, *McGowan* v. *Parish,* 237 U. S. 285, 295). Confined, as it necessarily must be, to cases where the officials of the Government have only a ministerial duty to perform, and one in which the party complainant has a particular interest, the practice is a convenient one, well supported by both principle and precedent."

It seems to us that the present case can not be distinguished from the one cited. It is conceded by the Government that the duty of the Secretary of the Treasury is ministerial and is to pay the amount ordered distributed by the Secretary of State to the persons named in his certificate. Certainly the action of the Secretary of the Treasury, in obedience to an appropriation by Congress, is neither more nor less of a ministerial duty than the obligation of the Secretary of the Treasury in the case at bar to act in compliance with the direction of

the Secretary of State. This case is here on a motion to dismiss or affirm. The decree of the Court of Appeals is

*Affirmed.*