**LE CRONE v. MELLON, Secretary of the Treasury, et al.** [*]

(Court of Appeals of District of Columbia. Submitted December 9, 1925. Decided January 4, 1926. Motion to Reconsider Denied January 23, 1926.)

No. 4261.

**Judgment** ⬅▭668(1)—**Decree in suit by claimant of fund in United States Treasury held res judicata in subsequent suit to enjoin payment to particular claimant.**

Where receiver of iron company, claiming interest in trust fund in United States Treasury, joined in defending suit by another claimant, and unsuccessfully appealed from an adverse decree, such decree *held* res judicata in subsequent suit by receiver to enjoin payment to plaintiff in prior suit.

Appeal from the Supreme Court of the District of Columbia.

Suit by John W. Le Crone, receiver, against Andrew W. Mellon, Secretary of the Treasury, and others. From a decree dismissing the bill, plaintiff appeals. Affirmed.

M. E. Clapp, of Washington, D. C., for appellant.

[*]Certiorari denied 46 S. Ct. 474, 70 L. Ed. ——.

Peyton Gordon, W. R. Harr, and E. S. Duvall, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District of Columbia dismissing appellant's bill, in which it was sought to enjoin the payment by the Secretary of the Treasury and the Treasurer of the United States to the appellee James M. Proctor, as receiver, of the balance of certain moneys paid into the Treasury of the United States by Venezuela, pursuant to a certain protocol between the United States and that nation.

The grounds of the decision below, as stated in the decree, were "that the plaintiff and the Orinoco Company, Limited, for which plaintiff claims to be receiver, were both parties defendant in equity cause No. 33031, filed answers to the merits of the bill in said cause, and generally contested the case on the merits"; that the decision in that case was adverse to the contentions of the plaintiff in this case and of the Orinoco Company, Limited; and that, having been affirmed on appeal, it was res adjudicata.

In the case to which reference was made in the above decree, the plaintiff herein appeared generally and, as stated in the decree, litigated the merits of the case. The decision in the court below being adverse to his contentions, he joined in the appeal to this court, where the decision of the lower court was affirmed. Orinoco Co., Limited, et al. v. Orinoco Iron Co., 296 F. 965, 54 App. D. C. 218. An appeal was taken to the Supreme Court of the United States, where on motion by the appellee the appeal as to the Orinoco Company, Limited, and Le Crone was dismissed. 265 U. S. 598, 44 S. Ct. 461, 68 L. Ed. 1199. Thereafter the decree as to the Secretary of the Treasury and the Treasurer of the United States was affirmed. Mellon v. Orinoco Iron Co., 266 U. S. 121, 45 S. Ct. 53, 69 L. Ed. 199. Subsequently the funds were distributed in accordance with the decree of the trial court.

It thus clearly appears that appellant has had his day in court, and that the issue here sought to be raised has been finally determined against him. The decree, therefore, is affirmed, with costs.

Affirmed.