Booth, Judge,
delivered the opinion of the court:
The plaintiff, as receiver for the Orinoco Company, Limited, alleges in its petition, “ That on the 22d day of September, 1883, the United States of Venezuela granted and conceded to one Fitzgerald for the period of ninety-nine *251 years, beginning on that day, the exclusive right to colonize and develop the resources of the territories therein described. That said Fitzgerald, in 1884, assigned the same to the Manoa Company, Limited, a New York corporation, which corporation in 1895 assigned the same to the Orinoco Company, a Wisconsin corporation, which in 1896 assigned the same to the- said Orinoco Company, Limited, a Wisconsin corporation, which corporation in 1901 assigned the same to the Orinoco Corporation, a corporation organized under the laws of West Virginia.” These corporations becoming involved with the Government of Venezuela in 1906 requested the State Department to intervene diplomatically and obtain redress for injuries inflicted upon the plaintiff. The State Department did intervene, and as a result of negotiation a protocol, dated September 9, 1909, was signed between the two countries whereby in consideration of the complete release of the concession the Venezuelan Government agreed to, and did pay, to the United States the sum of $885,000.
The petition further alleges that the above award-was in accord with the act of February 27, 1896, c. 34, 29 Stat. 32, duly deposited by the Secretary of State with the Secretary of the Treasury, accompanied with the proper certificates disclosing a determination by the Secretary of State that $75,000, less $1,300.30 deducted as expenses, of the amount deposited be paid to the plaintiff company; that plaintiff company has received upon the proper presentation of a certificate a payment of $17,449.70, but has not received a balance of $56,250 which it is entitled to receive under the above facts.
The petition concludes with an allegation that the $56,250 represented by outstanding certificates remained in the United States Treasury until the 27th day of December, 1924, when the sum involved was upon wrongful representation paid to one James M. Proctor, acting as receiver for the Orinoco Iron Company. Judgment is asked for the alleged balance due the plaintiff.
The controversy between the plaintiff company and the Orinoco Iron Company with respect to the amount here involved has been before the courts on more than one oc *252 casion. The plaintiff concedes that the above litigation determined the merits of the controversy. The single assertion made as to the right to proceed in this court irrespective of this admitted fact is that the courts in deciding the cases to be mentioned were without jurisdiction so to do. The petition discloses that the balance in the Treasury is the sum involved. The special plea of the defendant, the facts averred therein being admitted by the plaintiff, discloses that the Secretary of the Treasury disbursed the same in accord with the following opinions of the Court of Appeals of the District of Columbia and the Supreme Court of the United States. See Orinoco Co., Ltd. v. Orinoco Iron Company, 296 Fed. 965, affirmed by the Supreme Court, 265 U. S. 598. See also Mellon, Secretary of the Treasury of the United States, et al., v. Orinoco Iron, Co., 266 U. S. 121.
The petition will be dismissed. It is so ordered.
Moss, Judge; Graham, Judge; and Campbell, GMef Justice, concur.