**BROGDEX CO. et al. v. FOOD MACHINERY CO.**

No. 6251.

Circuit Court of Appeals, Third Circuit.

Aug. 3, 1937.

Rehearing Denied Nov. 2, 1937.

788

William G. Mahaffy, of Wilmington, Del. (Roy F. Steward and Mitford C. Massie, both of New York City, of counsel), for appellants.

Hugh M. Morris and Alexander L. Nichols, both of Wilmington, Del. (Roland C. Foerster and Morrison, Hohfeld, Foerster, Shuman and Clark, all of San Francisco, Cal., and Lyon and Lyon, of Los Angeles, Cal., of counsel), for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges and DICKINSON, District Judge.

DICKINSON, District Judge.

■ The bill of complaint is based upon a contract. The jurisdiction of the trial court is because of the diversity of citizenship of the parties. A motion was made on many grounds to dismiss the bill. The District Court dismissed it on the finding that the Florida Brogdex Distributors, Inc. (not a party to the proceedings), was the exclusive licensee of the Brogdex Company, one of the plaintiffs and the owner of the patents which were the subject-matter of the contract, on which the bill is based and hence a necessary party to the proceedings. None of the other averred grounds of dismissal are discussed nor have they been considered. It must be kept in mind that there are here two possible rights. One arises out of the patents to which the contract relates; the other out of the contract. We are concerned only with the latter, and hence the venue jurisdiction of the court depends upon the citizenship of the parties. The Florida Brogdex Distributors, Inc. (the omitted party), is a citizen of Florida, as are the plaintiffs. In consequence, if made a party defendant, the jurisdiction of the District Court would be ousted. Moreover, the latter company is averred in the bill to be a subsidiary of and controlled by the defendant. Undoubtedly, no court can judicially function without having jurisdiction of the parties whose rights it is assuming to adjudicate and against whom its judgment or decree is to be enforced. This jurisdiction of the person can be had only by making the persons parties to the action or proceeding and by the service of the process of the court upon them or their voluntary appearance. There may, however, be fact situations which render such service of process impossible or impracticable. What shall then be done? The Equity Rules (28 U.S.C.A. following section 723) provide us with a guide, at least in some cases. There may be others than the complaining party who share the right averred to be violated. Equity Rules 37 and 38 (28 U.S.C.A. following section 723) provide for such cases. These rules, however, provide for their being made parties. Equity Rule 40 (28 U.S. C.A. following section 723) provides for the case of nominal parties against whom no decree is asked. There is still the possible case of those who are properly parties not having been made such. Equity Rule 39 (28 U.S.C.A. following section 723) prescribes that in such cases the court may in its discretion hear the cause, but entering a "decree shall be without prejudice to the rights of the absent parties." Objections to a bill that it is defective for want of parties may be made by motion or in the answer. If not so made until the trial, Equity Rule 44 (28 U.S.C.A. following section 723) provides that the court may enter its decree "saving the rights of the absent parties." Equity Rule 43 (28 U.S.C.A. following section 723) provides for the case of such an objection made by answer. The plaintiff may set the case down for a hearing upon this objection "only." If not so set down, but the case goes to trial, the court may dismiss the bill or permit an amendment, if the objection is sustained. Equity Rule 25 (28 U.S. C.A. following section 723) includes a per-

tinent requirement which well may bear a verbal quotation. It is, "Fourth, if there are persons other than those named as defendants who appear to be proper parties, the bill shall state why they are not made parties—as that they are not within the jurisdiction of the court, or cannot be made parties without ousting the jurisdiction." It will be noticed that the requirement is the assigning of a reason for omitting any "who appear to be proper parties." The reasons instanced are mere illustrations not limitations. The bill does not in form comply with the quoted requirement of Equity Rule 25. It does, however, aver what would be three reasons for excluding the Florida Brogdex Distributors, Inc., from being named, two of which are the very reasons assigned by the rule. One is that the omitted corporation is an owned subsidiary of the named defendant; another that the subsidiary is not within the jurisdiction of the court, and the third that it is a citizen of the same state as the plaintiffs so that if made a party defendant, the District Court would be without jurisdiction to entertain the bill. There are here two motions. One is to dismiss the bill because of the absence of a necessary party and also as before stated on many other grounds. Another is a motion under Equity Rule 20 (28 U.S.C.A. following section 723) for a better statement of the cause of action. The District Court dismissed the bill wholly on the first ground mentioned. It has not discussed and seems not to have considered any of the other features of the cause. We feel constrained to reverse the decree of dismissal on the one ground of "the absence of Florida Brogdex Distributors, Inc., an indispensable party to the suit." If this was, as it seems to have been, the sole ground for dismissal, the decree should have been accompanied with leave to amend the bill so as to conform to the formal requirements of Equity Rule 25. If the bill was dismissed on other grounds, we should have the benefit of their discussion. The bill presents a complaint of some complexity which we do not feel called upon to consider without the aid of the District Court in its discussion. The decree of dismissal is reversed with directions to the District Court to grant leave to the plaintiffs to amend their bill within such time as the court may allow, before the decree of dismissal is effective, and if the bill is amended, to consider and pass upon the motion to dismiss as directed to the amended bill. We

have not considered the merits of this motion.

### Sur Petition for a Rehearing.

PER CURIAM.

In denying the motion for a rehearing in this case, we avail ourselves of the opportunity to restate the grounds for the ruling made. This will relieve the District Court of a possible embarrassment in disposing of it.

There are, among others, two questions which arise: One is whether Florida Brogdex Distributors, Inc., is an indispensable party. The District Court held it to be such, disposing of the case in effect as one set down by the plaintiff under Equity Rule 44 (28 U.S.C.A. following section 723) on this objection, and dismissing the bill. Another is, if the absent party is a proper but not an indispensable party, the trial court should in its discretion, under rules 25 and 39 (28 U.S.C.A. following section 723) proceed to a decree "saving the rights of the absent parties." The trial court ruled upon the first question which automatically excluded the second. We pro forma reversed the decree dismissing the bill, but expressly refrained from ruling the merits of either question. This, as before stated, might well be a cause of embarrassment to the trial court.

As stated in our former opinion, the parties have or may have two wholly different rights. One arises under the patent laws; the other under the contract into which the parties had entered. The case concerns itself only with the latter. Upon the question of the validity or extent of patent rights, the absent party here might well be an indispensable party. On the question of contract rights the absent party, although a proper party, might not be an indispensable party. Rule 39 in terms applies "in all cases." Rule 25, moreover, contemplates an excusable omission of such otherwise proper party.

We now rule that the omitted party here, although a proper party to the bill, is not an indispensable party, and the decree dismissing the bill on this ground is reversed, and the cause is remanded to the District Court, with directions to reinstate the bill and to determine the other questions raised, including that of the exercise of the discretion of the trial court whether to proceed with the cause under rules 25 and 39, saving by its decree the rights of absent parties.

790

As we are without the aid of any discussion by the District Court of these other questions, we refrain from a discussion of them.

The rehearing is denied.