**DUCKER et al. v. BUTLER et al.**
No. 7133.

United States Court of Appeals for the
District of Columbia.
Decided March 20, 1939.

Robert H. McNeill, H. Eugene Bryan, and Philip F. Herrick, all of Washington, D. C., for appellants.

John S. Meaney, of Washington, D. C., for Appellee Butler.

Ralph S. Boyd, and William R. Sherwood, both of Washington, D. C., for Appellee Ickes.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

In 1936 Congress enacted a statute[1] which authorized an appropriation of $161,400 in full compensation for 64,560 acres of land in Western Colorado theretofore taken by the United States from the Confederated Bands of Ute Indians, and set aside as a naval oil reserve. Section 2 of that Act reads as follows:

"The Secretary of the Treasury is hereby authorized to pay, out of said appropriation when made, such fees and expenses as the Secretary of the Interior may deem reasonable, on a quantum meruit basis, for services rendered by attorneys or agents having approved or heretofore approved contracts with said Indians, or approved assignments thereof, not to exceed, however, a total of 10 per centum of the amount appropriated hereunder, as follows:

"(1) A contract with Southern Ute Band and the Ute Mountain Band approved July 7, 1928, a partial assignment of which was approved on May 28, 1929.

"(2) A contract with the Uintah and White River Bands, approved on October 8, 1932, an assignment of which was approved on February 13, 1935.

"(3) A contract with the Uncompahgre Band approved October 8, 1932, an assignment of which was approved on February 13, 1935."

Appellants claim to be entitled to share in the distribution of 10 per cent of the amount appropriated, i. e., $16,140, under two contracts alleged to have been entered into between William Marshall Justis, Jr. and the Ute Indians on April 4, 1927 and April 27, 1928; a contract between Justis and Ducker and Stearn, dated April 18, 1927; assignments from Justis to Ducker and Stearn, dated April 19, 1927; and a contract between Justis and the Ute Indians, dated June 25, 1928.

Appellants concede that none of the contracts or assignments under which they claim were approved by the Secretary of the Interior or the Commissioner of Indian Affairs, except the contract of June 25, 1928, to which they were not parties. They concede, also, that on May 11, 1929, Justis assigned to Appellee Butler a one-half interest in the contract of June 25, 1928, and that this assignment was approved by the First Assistant Secretary of the Interior on May 28, 1929.

On October 26, 1937, appellants filed their bill in the lower court against Appellees Butler and the Secretary of the Interior. In addition to appellees, the estate and heirs of William Marshall Justis, Jr., Richard N. Elliott and Henry Morgenthau, Jr., were named as defendants. The latter two persons were sued in their respective official capacities as Acting Comptroller General and as Secretary of the Treasury. None of the latter three were served with process or appeared in the case.

In their bill appellants alleged that Appellee Butler intends to demand and collect, from the officials named as defendants therein, the full 10 per cent of the fund available for attorneys' and agents' fees and to deny to appellants any participation therein; that the estate of Justis is insolvent and that the proposed denial of participation in the fund would make it impossible for them ever to recover the amount due them; and that they fear the amount available for fees will be paid out in disregard of their rights, thus causing them irreparable injury. They prayed for a temporary injunction pending final hearing; that a receiver be appointed to hold the entire fund of $16,140 pending final decree; for an order directing that upon final hearing there be paid to appellants— out of the net proceeds of that portion of the total fee allowed to Butler and the

---

[1] Act May 15, 1936, 49 Stat. 1272.

estate of Justis by the Secretary of the Interior—$4,000 and two-thirds of the balance of the fee so allowed; for a permanent injunction restraining all the appellees "from receiving any portion of the attorneys' fees or compensation allowable to ... Butler and the estate of ... Justis until the rights of ... [appellants] have been fully determined by the decree of this Court"; and for an accounting.

Appellee Ickes answered the bill; Appellee Butler moved to dismiss it on a number of grounds; and the lower court entered an order sustaining the motion and dismissing the bill, without specifying the grounds upon which the order was based. This appeal is from that order. Subsequent to the taking of the appeal Appellee Butler and Appellant Ducker died and their estates are here represented by their administratrices. The case was submitted to this court upon the briefs and without argument.

■■■ The bill is fatally defective for reasons urged in the motion to dismiss. In the first place, the suit is premature and, therefore, appellants are not entitled to the relief sought. The act which authorized the appropriation, of which they seek an apportionment to satisfy their claim, imposes upon the Secretary of the Interior the duty of determining, on a *quantum meruit* basis, "such fees and expenses as ... [he] may deem reasonable" not to *exceed in any event a total of 10 per cent of the amount appropriated.* If this were

a mere ministerial duty, involving no more than payment of a sum certain to a designated payee, a mandatory writ of injunction or a receivership would be proper, other requisite facts being present.[2] But such relief is "Confined, as it necessarily must be, to cases where the officials of the government have only a ministerial duty to perform ...."[3] In the present case the law required that the Secretary of the Interior exercise judgment and discretion in performing his duty. In so doing his action may not be controlled by the courts;[4] and equitable relief will not be available to appellants, in any event, until he has performed his duty and determined the amounts to be paid to all interested agents and attorneys under all three of the contracts with the Indians which are set out in the Act.[5]

■■ In the second place, even as to the one approved contract of June 25, 1928, under which appellants claim, the bill is fatally defective because persons indispensable for the adjudication of the case have not been made parties. In the absence of indispensable parties dismissal of the suit is proper.[6] A court should not adjudicate the rights or liabilities of a person unless he is actually or constructively before it.[7]

■ Indispensable[8] parties are those who have an interest in the controversy "of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may

[2] Houston v. Ormes, 252 U.S. 469, 473, 40 S.Ct. 369, 64 L.Ed. 667; Mellon v. Orinoco Iron Co., 266 U.S. 121, 126, 45 S.Ct. 53, 69 L.Ed. 199; Doerschuck v. Mellon, 60 App.D.C. 383, 386, 55 F.2d 741, 744; Morgenthau v. Fidelity & Deposit Co., 68 App.D.C. 163, 165, 94 F.2d 632, 634. See Miguel v. McCarl, 291 U.S. 442, 54 S.Ct. 465, 78 L.Ed. 901.

[3] Houston v. Ormes, 252 U.S. 469, 473, 40 S.Ct. 369, 370, 64 L.Ed. 667; Mellon v. Orinoco Iron Co., 266 U.S. 121, 126, 45 S.Ct. 53, 69 L.Ed. 199.

[4] Louisiana v. McAdoo, 234 U.S. 627, 34 S.Ct. 938, 58 L.Ed. 1506; New Orleans v. Paine, 147 U.S. 261, 264, 13 S.Ct. 303, 37 L.Ed. 162; Houston v. St. Louis Independent Packing Co., 249 U.S. 479, 484–485, 39 S.Ct. 332, 63 L.Ed. 717.

[5] Cf. McGowan v. Parish, 237 U.S. 285, 295, 35 S.Ct. 543, 59 L.Ed. 955; Haskins Bros. & Co. v. Morgenthau, 66 App.D.C. 178, 85 F.2d 677, certiorari denied, 299

U.S. 588, 57 S.Ct. 118, 81 L.Ed. 433.

[6] Brady v. Work, 263 U.S. 435, 437, 44 S.Ct. 168, 68 L.Ed. 375; Gregory v. Stetson, 133 U.S. 579, 587, 10 S.Ct. 422, 33 L.Ed. 792; Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411; Gnerich v. Rutter, 265 U.S. 388, 393, 44 S.Ct. 532, 68 L.Ed. 1068; Minnesota v. Northern Securities Co., 184 U.S. 199, 235, 22 S.Ct. 308, 46 L.Ed. 499; Utilities Production Corp. v. Carter Oil Co., 10 Cir., 72 F.2d 655, 661; Chicago, M., St. P. & P. Ry. Co. v. Adams County, 9 Cir., 72 F.2d 816, 819.

[7] Shields v. Barrow, 17 How. 130, 141, 15 L.Ed. 158; Bogart v. Southern Pacific Co., 228 U.S. 137, 147, 33 S.Ct. 497, 57 L.Ed. 768; United States v. Bean, 8 Cir., 253 F. 1, 7; Washington v. United States, 9 Cir., 87 F.2d 421, 427.

[8] See Washington v. United States, 9 Cir., 87 F.2d 421, 427, for a discussion of the improper synonymous usage of "necessary" and "indispensable."

be wholly inconsistent with equity and good conscience."[9]

The claims of appellants, and of Appellee Butler as well, depend upon the approved contract between Justis and the Ute Indians. As Justis is dead his estate is vitally interested in any determination which may be made of the amount to be allotted by the Secretary of the Interior on account of that contract. Any decree granting to appellants a share of the fund must necessarily affect the interest of the estate in the fund, and, consequently, it is an indispensable party.[10] In fact, appellants' theory of action rests in part upon the contention that Justis' estate is insolvent, and the clearly revealed purpose of the suit is to prevent any part of the fund from being distributed to it. Under the circumstances it is obvious that the estate, the heirs, and any possible creditors, have a vital interest in the controversy. It is equally obvious that the final decree sought in the present case cannot be made without affecting their interest, and that a final termination of the case pleaded may be wholly inconsistent with equity and good conscience, unless an opportunity is afforded to a representative of the estate of Justis to contest the validity of the contracts under which appellants claim, and to challenge the amount claimed thereunder.[11]

Moreover, even if the case were one in which appellants were entitled to the relief sought, the estate would be an indispensable party for a further reason, i. e., in order that the decree might constitute a proper acquittance to the Government. It is well settled that where one claims a right in a fund held by a Government officer "the party who has been designated by compact or otherwise as the person entitled to the fund, but whose right to receive it is denied or disputed, should be made a party so as to bind him and afford proper acquittance to the government."[12]

While the bill designated the "Estate and Heirs at Law of William Marshall Justis, Jr." as parties defendant, no representative of the estate was made a party, no service of process was made upon either the estate, the heirs, or a representative of the estate, and no appearance was made by or on behalf of any of them. Hence, upon no possible theory can it be said that the estate was actually or constructively before the court.[13]

Under the circumstances it is unnecessary to consider other contentions of appellants, or other grounds set forth in the motion to dismiss.[14]

Affirmed.

[9] Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158, followed in Commonwealth Trust Co. v. Smith, 266 U.S. 152, 159, 45 S.Ct. 26, 69 L.Ed. 219; Minnesota v. Northern Securities Co., 184 U.S. 199, 235, 22 S.Ct. 308, 46 L.Ed. 499; Niles-Bement-Pond Co. v. Iron Moulders' Union Local No. 68, 254 U.S. 77, 80, 41 S.Ct. 39, 65 L.Ed. 145; Waterman v. Canal-Louisiana Bank and Trust Co., 215 U.S. 33, 48, 30 S.Ct. 10, 54 L.Ed. 80; California v. Southern Pacific Co., 157 U.S. 229, 249, 15 S.Ct. 591, 39 L.Ed. 683; Green v. McIntire, 39 App.D.C. 249; Balter v. Ickes, 67 App.D.C. 112, 114-115, 89 F.2d 856, 858-859, certiorari denied, 301 U.S. 709, 57 S.Ct. 941, 81 L.Ed. 1363; 7 Hughes, Federal Practice (1931) § 4296. Cf. Rule 19, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; 2 Moore, Federal Practice (1938) 2133, 2142; 2 Edmunds. Federal Rules of Civil Procedure (1938) 821.

[10] Cf. Williams v. Bankhead, 19 Wall. 563, 570-572, 22 L.Ed. 184; Pilger v. Sutherland, 61 App.D.C. 84, 87, 57 F. 2d 604, 607.

[11] Russell v. Clarke's Executors, 7 Cranch 69, 98, 3 L.Ed. 271.

[12] See Doerschuck v. Mellon, 60 App. D.C. 383, 386, 55 F.2d 741, 744; Houston v. Ormes, 252 U.S. 469, 473, 40 S.Ct. 369, 64 L.Ed. 667; Mellon v. Orinoco Iron Co., 266 U.S. 121, 126, 45 S.Ct. 53, 69 L.Ed. 199; Morgenthau v. Fidelity & Deposit Co., 68 App.D.C. 163, 165, 94 F.2d 632, 634.

[13] See Robertson v. Railroad Labor Board, 268 U.S. 619, 622, 45 S.Ct. 621, 69 L.Ed. 1119; Garretson v. National Surety Co., 5 Cir., 63 F.2d 847, 849, certiorari denied, 290 U.S. 638, 54 S.Ct. 55, 78 L.Ed. 555; Brogdex Co. v. Food Machinery Co., 3 Cir., 92 F.2d 787, 788; Noxon Chemical Products Co., Inc. v. Leckie, 3 Cir., 39 F.2d 318, 320, certiorari denied, 282 U.S. 841, 51 S.Ct. 22, 75 L.Ed. 747; Brecht v. Bur-Ne Co., 91 Fla. 345, 353, 108 So. 173, 176; Holt v. Sather, 81 Mont. 442, 264 P. 108; Franklin v. Bonner, 201 Iowa 516, 518, 207 N.W. 778, 779. Cf. Franz v. Buder, 8 Cir., 11 F.2d 854, 857, certiorari denied, 273 U.S. 756, 47 S.Ct. 459, 71 L. Ed. 876.

[14] See, concerning other grounds of motion: Bourdieu v. Pacific Western Oil Co., 299 U.S. 65, 71, 57 S.Ct. 51, 81 L. Ed. 42; United States v. Board of

County Commissioners, 251 U.S. 128, 133, 40 S.Ct. 100, 64 L.Ed. 184; Wells v. Roper, 246 U.S. 335, 38 S.Ct. 317, 62 L.Ed. 755; Ferris v. Wilbur, 4 Cir., 27 F.2d 262, 263; Transcontinental & Western Air, Inc. v. Farley, 2 Cir., 71 F.2d 288, certiorari denied, 293 U.S. 603, 55 S.Ct. 119, 79 L.Ed. 695.