**BROGDEX CO. et al. v. FOOD MA-. CHINERY CORPORATION.**

**No. 1114.**

District Court, D. Delaware.

Oct. 4, 1939.

Herbert L. Cohen, of Wilmington, Del., and Roy F. Steward and Mitford C. Massie, both of New York City, for plaintiffs.

Hugh M. Morris and Alexander L. Nichols, both of Wilmington, Del., Roland C. Foerster (of Morrison, Hohfeld, Foerster, Shuman & Clark), of San Francisco, Cal., and Lyon & Lyon, of Los Angeles, Cal., for defendant.

NIELDS, District Judge.

Motion to dismiss amended complaint or, in the alternative, to strike out certain portions thereof.

This is a suit by Brogdex Company and Bronson C. Skinner against Food Machinery Corporation seeking an injunction and an accounting. To the original complaint defendant filed three motions: (1) To dismiss the complaint on the following grounds: That it did not state a cause of action; that the complaint was vague, indefinite and argumentative; that there was a misjoinder of parties plaintiff; that there was a misjoinder of causes of action; that there was a defect in parties, in that Florida Brogdex Distributors, Inc. was not joined. (2) To strike out irrelevant and impertinent matters in the bill of complaint. (3) For further and better statements of the nature of plaintiff's claims.

These motions were argued and this court entered an order dismissing the complaint on the ground that Florida Brogdex Distributors, Inc., was an indispensable party, and had not been made a party to the action. D.C., 16 F.Supp. 228. Plaintiffs took an appeal. The court of appeals held that although Florida Brogdex Distributors, Inc., was a proper party it was not an indispensable party. It remanded the suit to this court for reinstatement of the complaint and for the determination of other questions raised, including that of the exercise of the discretion of the court whether to proceed with the cause under former Equity Rules 25 and 39, 28 U.S.C.A. following section 723, saving by its decree the rights of absent parties. 3 Cir., 92 F.2d 787.

The bill was reinstated. Plaintiffs amended the complaint in order to comply with Equity Rule 25 and assigned reasons for omitting Florida Brogdex Distributors, Inc., as a party. To this amended complaint defendant filed two motions: (1) A motion to dismiss the amended complaint and each purported cause of action therein stated. (2) A motion to strike out portions of the amended complaint.

Defendant's motion to dismiss is for the following reasons: Failure to state facts sufficient to constitute a cause of action, in favor of both plaintiffs, or either one, against defendant; the absence of Florida Brogdex Distributors, Inc., constituting a substantial defect of parties to the suit; that a final decree could not be entered without prejudice to the rights of the absent party; that the complaint is vague, indefinite, argumentative, multifarious and does not comply with Equity Rule 25; that the alleged causes of action in favor of each of the plaintiffs are not separately stated; that there is a misjoinder of causes of action; a misjoinder of parties plaintiff; and, in the alternative, the several causes of action should be dismissed for the reasons above stated.

This is not a bill for infringement of patents. It seeks to restrain those who are alleged to be guilty of inequitable practices. Whatever may be the result of final hearing the allegations are of such a character as to preclude the court from granting the motion to dismiss. Accordingly, the motion to dismiss will be denied.

It may not be improper to allege conclusions of law in order to show the relation of the various facts to one another and to the relief sought. Where law and facts are so combined as to render their separation impractical it is proper to allege conclusions of law. The motion to strike portions of the amended complaint will be denied.