### Z. AND F. ASSETS REALIZATION CORPORATION v. HULL, Secretary of State, et al. (LEHIGH VALLEY R. CO. et al., Interveners).

#### No. 4598.

District Court of the United States for the District of Columbia.

Jan. 3, 1940.

On Motion for Reargument or for Order Correcting Opinion Feb. 9, 1940.

372

Hubert E. Rogers and John F. Condon, Jr., both of New York City, and Frank Roberson, of Washington, D. C., for plaintiffs.

G. H. Hackworth, Legal Advisor of State Department, and Edward H. Foley, Jr., Gen. Counsel for Treasury Department, both of Washington, D. C., for defendants.

Richard H. Wilmer, of Washington, D. C., and William D. Mitchell, of New York City, for intervener-defendant.

Fred K. Nielsen, of Washington, D. C., for intervener-plaintiff.

BAILEY, Associate Justice.

On August 10, 1922, an agreement was entered into between the United States and Germany for a mixed Commission to determine the amount to be paid by Germany in satisfaction of Germany's financial obligations under the treaty of August 25, 1921, in respect of claims of nationals of the United States against Germany for loss, damage or injury to their persons or property by reasons of acts of the German Government or of its agents since July 31, 1914, a copy of which agreement is annexed to the complaint herein as Exhibit A.

Pursuant to said agreement, the Commission therein provided for was subsequently created, which Commission was and is known as Mixed Claims Commission, United States and Germany, and an American Commissioner, a German Commissioner and an Umpire were appointed to said Commission.

In or about March, 1927, the United States of America, by Robert W. Bonynge Agent, filed claims with the Commission on behalf of intervener Lehigh Valley Railroad Company, Agency of Canadian Car & Foundry Company, Limited, Bethlehem Steel Company and others, arising out of the destruction of property by reason of explosions at Black Tom, New Jersey, in 1916, and at Kingsland, New Jersey, in 1917.

In October, 1930, the Commission dismissed the claims filed by the United States on behalf of the said intervener. Two petitions for a rehearing of these claims were denied. Finally, however, a third petition for a reopening and rehearing was filed. The German and American Commissioners disagreed as to the power of the Commission to set aside the first decision, but the Umpire agreed with the American Commissioner and the two held that the power existed. A further hearing was had but before a decision was had the German Commissioner resigned. Thereafter, however, the American Commissioner and the Umpire set aside the original decision dismissing these claims and allowed them.

On March 10, 1928, the Congress of the United States passed the so-called Settlement of War Claims Act of 1928, 45 Stat. 254, which Act—

"(a) created in the United States Treasury a German Special Deposit Account, composed in part of all sums invested or transferred by the Alien Property Custodian under the provisions of Section 25 of the Trading with the Enemy Act, as amended, and of all money received by the United States in respect of claims against Germany on account of the awards of the Mixed Claims Commission;

"(b) directed the Secretary of State from time to time to certify to the Secretary of the Treasury the awards of the Mixed Claims Commission; and

"(c) directed the Secretary of the Treasury to pay, out of the aforesaid German Special Deposit Account, an amount equal to the principal of each award so certified, plus interest thereon in accordance with the award."

The funds now available to the aforesaid German special deposit account are, and at all times since October 30, 1939, have been, sufficient to pay to the sabotage claimants approximately the principal amounts of their respective awards.

In accordance with the Settlement of War Claims Act of 1928, as amended, the Secretary of State, on or about October 31, 1939, certified said awards to the Secretary of the Treasury, and thereafter substantially all the holders of said awards, including intervener, duly filed with the Secretary of the Treasury applications for payment thereof.

The plaintiff, the owner of a claim which had been allowed by the Commission, has filed its complaint to enjoin the defendants, the Secretary of State and the Secretary of the Treasury, from paying to the intervening defendants the awards made by the Commission, upon the chief grounds that the Commission had no power to grant a rehearing; that the award to the said intervener was not made by the Commission, as it could not act when composed of only one Commissioner and the Umpire; that the Umpire could only act in the event that the two Commissioners disagreed, and there being only one Commissioner at that time, there could be no disagreement, especially as the rules made by the Commission provided for written notice of the disagreement; that in as much as the fund set aside by Congress was insufficient to pay in full all the claims allowed by the Commission if the claim of the intervener should be paid, the plaintiffs would receive less than the amount of its claim as fixed by the Commission.

The intervening defendants have answered the complaint and have moved for a summary judgment. The Secretary of the Treasury has moved to dismiss the complaint. Before the filing of the complaint the Secretary of State had already certified to the Secretary of the Treasury the award of the Commission in favor of the intervener, and the suit therefore will be dismissed as to him, being moot.

In my opinion the court has no power to grant the relief sought by the plaintiff. The claims made before the Commission were the claims of the United States. Whether these claims were properly allowed or not was a question to be raised by the United States and not by individuals who might be wronged by the action of the Commission. If there was any breach of the treaty between the two governments the only recourse would be by action of the contracting parties. The act of Congress of March 10, 1928, directed the Secretary of State to certify from time to time to the Secretary of the Treasury the awards of the Mixed Claims Commission and directed the Secretary of the Treasury to pay out those amounts. The Secretary of State has certified to the Secretary of the Treasury the award of which the plaintiff complains, and under the terms of the act of Congress it is the duty of the Secretary of the Treasury to pay the award. It is true that the plaintiff claims (and I think that this is its strongest claim) that the award was not made by the Commission, as the Commission could not function after one of the Commissioners had resigned, but so far as the fund in the Treasury of the United States is concerned, the question was one to be decided by the Secretary of State, and whether he decided rightly or wrongly the court cannot prevent the payment of the claim.

No case has been cited involving the precise question here, but while this fact may not be decisive, it is persuasive. The cases which have been cited, including Mellon v. Orinoco Iron Co., 266 U.S. 121, 45 S.Ct. 53, 69 L.Ed. 199, involve the ownership of a claim which has been allowed, and do not involve the propriety of an allowance of a claim, but whether it has been allowed to the right party. The claims are the claims of the United States and if the officer of the

United States to whom Congress has given the power of determining whether the Commission has allowed a claim has acted, the courts have no power to set aside the allowance of the claim.

As there is no dispute as to the facts upon which this opinion is based, the motion for a summary judgment should be granted, as also should the motion of the defendant Secretary of the Treasury to dismiss the complaint.

#### On Motion for Reargument or for Order Correcting Opinion.

A final judgment was entered in this cause on January 6, 1940. On the same date both the plaintiff and the intervening plaintiff filed notices of appeal, and on January 10, 1940, each filed a bond for costs on appeal.

On January 18, 1940, after the notices of appeal and the filing of the cost bond and more than ten days after the date of the final judgment, the plaintiff filed a motion for a reargument, for a vacation of the final judgment, and upon reargument for a reversal of the action of the court, or, in the alternative, for an order correcting the opinion of the court heretofore filed.

In my opinion the court has no power to entertain a motion of this character after the appeal has been perfected as it was in this case both by notice of appeal and by filing of an appeal bond. Lasier v. Lasier, 47 App.D.C. 80; Purman v. Marsh, 49 App. D.C. 125. Nor was the motion filed within the ten days fixed by the Federal Rules of Civil Procedure, Rule 59 (b), 28 U.S.C.A. following section 723c.

However, had I the power to do so, I think the opinion should be modified by inserting the words "After the filing of the complaint, but before service of the summons or complaint upon the Secretary of State, the Secretary of State had certified to the Secretary of the Treasury the award of the Commission in favor of the intervener", in lieu of the words "Before the filing of the complaint the Secretary of State had already certified to the Secretary of the Treasury the award of the Commission in favor of the intervenor". This error in the opinion was due to inadvertence and a misunderstanding of what was apparently a conceded fact.

The motion should be overruled.