## MAJOR v. SHAVER.
Civ. A. No. 36210.

District Court of the United States for the District of Columbia.
Oct. 30, 1946.

E. W. Mollohan, Jr., of Washington, D. C., for plaintiff.

Leslie C. Garnett, of Washington, D. C., for defendant.

PINE, Associate Justice.

The complaint alleges the following facts:

Jane C. Mollohan, deceased, left a will in which she provided that the "balance" of her property, real and personal, after the payment of several general pecuniary legacies, was "to be divided equally among my five children." The five children, who survived her, are plaintiff, defendant, Rebecca M. Shawver, Allen Mollohan, now deceased, and Edison W. Mollohan, Sr., now deceased.

Her estate consisted in part of land in West Virginia. It had been sold for taxes. After her death the five children agreed that defendant should make arrangements to redeem the land from the tax sale, for the benefit of all. Defendant arranged for the redemption of the land, and engaged one M. R. Shaver to handle the details. He later caused the land to be deeded to himself and thereafter he deeded it to plaintiff, defendant, Rebecca M. Shawver, and Edison W. Mollohan, Sr. Later it "was foreclosed upon by reason of a lien or judgment having been obtained against the said M. R. Shaver."

Thereafter, plaintiff, Edison W. Mollohan, Sr., and Rebecca M. Shawver agreed with defendant that she should go to West Virginia and endeavor to clear the title for the benefit of all. This she did, but unlawfully and in breach of her agreement ordered the land placed in her own name and has refused to deed to the plaintiff and others their rightful share therein.

Defendant has moved to dismiss on the ground that the complaint fails to state a claim against the defendant upon which relief can be granted, and in support thereof cites Section 12–302, D.C.Code 1940, being that part of the statute of frauds which provides that no action shall be brought upon any contract or sale of lands or any interest in them, unless the agreement upon which such action shall be brought shall be in writing. Another ground for her motion to dismiss is plaintiff's alleged failure to join in this action indispensable parties.

In my opinion, on this state of facts, the defendant holds all but her own share of the land in question, charged with a constructive trust for plaintiff, her sister Rebecca M. Shawver, and the heirs at law or devisees of her two deceased brothers. Plaintiff therefore is not foreclosed from recovery by the statute of frauds. Mandley v. Backer, 73 App.D.C. 412, 121 F.2d 875; Waters v. Kopp, 34 App.D.C. 575, 581.

In respect of the second ground for dismissal, namely, the alleged failure to join indispensable parties, Rule 19, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, under the heading "Necessary Joinder," provides only that "persons having a joint interest shall be made parties." Plaintiff, her sister Rebecca M. Shawver, and the heirs or devisees of her deceased brothers do not have a "joint" interest in the land, but are tenants in common. C. 36, Art. 1, Secs. 9–20, Michie's West Virginia Code 1943. There is therefore no failure of compliance with the rules respecting necessary joinder of parties. Moreover, a judgment can be entered, if plaintiff sustains the averments of her complaint, compelling defendant to convey to plaintiff an undivided one-fifth interest

in the land and a one-fifth interest in the net rents and profits upon condition that plaintiff reimburse defendant, if the equities require it, for one-fifth of the cost of "clearing the title." Such a judgment would not affect the interests of plaintiff's cotenants or leave the controversy in such a condition that final termination would be wholly inconsistent with equity and good conscience. Ducker v. Butler, 70 App.D.C. 103, 104 F.2d 236; Green v. Brophy, 71 App.D.C. 299, 110 F.2d 539. While, of course, it would be desirable that plaintiff's sister Rebecca M. Shawver and the heirs or devisees of her deceased brothers be made parties in order that there might be a termination of this controversy in one proceeding, it seems to me clear, for the reasons above stated, that failure to join them as parties is not fatal to the plaintiff's claim.

I am therefore of the opinion that defendant's motion to dismiss should be denied. Counsel will prepare and submit, on notice, appropriate order.