## KINCAID et al. v. CITY OF ANCHORAGE.
### No. A–6820.

United States District Court
D. Alaska, Third Division, Anchorage.
May 11, 1951.

1018

J. L. McCarrey, Anchorage, Alaska, for plaintiffs.

Hellenthal, Hellenthal & Cottis, Anchorage, Alaska, for defendant.

DIMOND, District Judge.

This action was brought by the plaintiffs to recover the sum of $68,573.22 for construction work claimed to have been performed by the plaintiffs for the defendant.

The defendant has filed Motion to Dismiss, reading as follows: "Comes now the above named defendant and moves the court to dismiss the action on the ground that such action is not being prosecuted in the name of the real party in interest. For reason, defendant states that R. G. Kincaid and Hugh M. King, plaintiffs in this action, acting in behalf of Kincaid and King Construction Company, did assign to A. W. Murray, Trustee, all monies due or to become due on or after September 15, 1959 [sic] on account of work performed under their contract with the City of Anchorage, Alaska entered into on or about January 27, 1949. A copy of said assignment is attached hereto."

The body of the Assignment, a copy of which is attached to the Motion to Dismiss, is quoted below:

"Know All Men by These Presents:

"That for the consideration of the sum of One ($1.00) Dollar, and other valuable considerations, paid to them, R. G. Kincaid and Hugh M. King, doing business as Kincaid and King Construction Company, a partnership, does hereby assign to A. W. Murray, Trustee, 306 Central Building, Seattle 4, Washington, all monies due or to become due on or after September 15, 1949 on account of work performed under their contract with the City of Anchorage, Alaska entered into on or about January 27, 1949."

During argument on the motion, the assignment to Murray as Trustee was admitted, but it was suggested by plaintiffs that the action should proceed without joining Murray as a party. The assignee, Murray, is not, so far as known, within the jurisdiction of this Court.

Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A., hereinafter referred to as the Rules, provides that cer-

tain defenses may be presented by motion as well as by answer. Nothing in the Rules indicates that any defenses may be so presented except those enumerated in rule 12 (b). Bowles v. Glick Bros. Lumber Co., 9 Cir., 1945, 146 F.2d 566; certiorari denied 325 U.S. 877, 65 S.Ct. 1554, 89 L.Ed. 1994. Rule 12(b) (7) provides that the defense of "failure to join an indispensable party" may be taken by motion. The rule contains no provision explicitly providing that a motion to dismiss is proper when made "on the ground that such action is not being prosecuted in the name of the real party in interest", which is the ground set up by the defendant. Despite the defect in the motion, it will be considered a motion to dismiss because of failure to join an indispensable party as provided in Rule 12(b) (7).

■ The question arises as to whether the assignee of all moneys due or to become due on account of the work performed under the contract sued upon, is an indispensable party. The assignee is usually held to be an indispensable party. Flynn v. Brooks, 1939, 70 App.D.C. 243, 105 F.2d 766; Ducker v. Butler, 1939, 70 App.D.C. 103, 104 F.2d 236; Jones v. Amerlagene, Inc., D.C.W.D.La.1941, 39 F.Supp. 495. A compilation of cases on the subject may be found in 21 Words and Phrases, page 174, and corresponding pocket parts at page 71. In State of Washington v. U. S., 9 Cir., 1936, 87 F.2d 421, at page 427 the Court sets out the matters which must be determined in ascertaining if a party is indispensable. From that opinion the following is quoted: "There are many adjudicated cases in which expressions are made with respect to the tests used to determine whether an absent party is a necessary party or an indispensable party. From these authorities it appears that the absent party must be interested in the controversy. After first determining that such party is interested in the controversy, the court must make a determination of the following questions applied to the particular case: (1) Is the interest of the absent party distinct and severable? (2) In the absence of such party, can the court render justice between the parties before it? (3) Will the decree made, in the absence of such party, have no injurious effect on the interest of such absent party? (4) Will the final determination, in the absence of such party, be consistent with equity and good conscience?"

■ If the assignee, Murray, is held to be an indispensable party, is there any manner in which he can be brought before the Court unless he consents to appear or unless he comes within the Territorial jurisdiction of the Court? Perhaps the provisions of Rule 19 with respect to "an involuntary plaintiff" may lead to the answer. No declaration on that subject is here necessary or desirable. Of course, if the trustee voluntarily joins as a plaintiff, or will appear, if made a defendant, or will intervene, the difficulty is ended.

The plaintiffs may have 30 days within which to plead over.