## KINCAID et al. v. CITY OF ANCHORAGE.
### No. A–6820.

U. S. District Court, Alaska.
Third Division.   Anchorage.
Oct. 8, 1951.

---

J. L. McCarrey, Jr., Anchorage, Alaska, for plaintiffs.

Hellenthal, Hellenthal & Cottis and William Krasilovsky, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

Plaintiffs seek to recover approximately $250,000 in damages under a contract to pave streets and sidewalks and provide for the drainage thereof, for the failure of the defendant to make payments when due, delay in preparing and vacating streets for paving, failure to perform, and incompetency in the performance of, preliminary engineering services, failure to furnish certain materials, requiring plaintiff to depart from specifications and repudiating a waiver of certain specifications respecting plaintiff's paving plant.

Neither of the parties has filed or submitted a complete copy of the contract or contracts for the work referred to and the Court is therefore limited to extracts which have been submitted of what are deemed pertinent to a consideration of the questions involved.

The first question presented is whether the defendant's motion to dismiss for failure to state claims filed July 9, is timely in view of the provisions of Rule 12(g) and (h), Fed.Rules Civ.Proc. 28 U.S.C.A. Defendant's original motion to dismiss filed April 13, was based on the ground that the "action was not prosecuted in the name of

the real parties in interest". The Court, in its opinion of May 11, D.C., 99 F.Supp. 1017, treated this as a motion to dismiss for failure to join an indispensable party and, without disposing of the motion, allowed the plaintiff's assignee to intervene. After such intervention, defendant moved to dismiss for failure to state claims. Since the complaint had not been amended, it is obvious that the same defense was available to the defendant at the time of its original motion to dismiss filed on April 13.

■■■ I am of the opinion that under Rule 12(g) it was incumbent on the defendant to include in its motion of April 13 all the defenses or objections then available and that the Court cannot entertain the second motion without disregarding the intent and purpose of the rules to put an end to dilatory practices, unless the Court is convinced that the motion is not interposed for delay and the disposition of the case on the merits will be expedited. 2 Moore's Fed.Prac. 2325, Section 12.22. In the instant case the motion is supported by a statement of the reasons on which it is based which appears to be the result of much study and thought, warranting the conclusion that the motion was not interposed for delay. It is specifically directed to each of the so-called causes of action and if the supporting grounds are valid and sufficient, it must be conceded that a dismissal without further proceedings in respect of the claims found inadequate would clearly expedite disposition of the case on the merits. Accordingly, I am of the opinion that the motion to dismiss should be entertained.

■■■ The next question is whether a claim has been stated in each of the so-called causes of action. This turns not upon whether the plaintiffs have meritorious claims upon which they may ultimately prevail, but upon whether, construing the complaint in the most favorable light to the plaintiffs and drawing all reasonable inferences therefrom, plaintiff would be entitled to relief under any state of facts which could be proved in support of the claims, Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108. In each case the claim need be no more than a short and plain statement showing that the pleader is entitled to relief. F.R.C.P. 8(a) (2). This requirement is satisfied in the case of a claim upon a contract by alleging the making of the contract, performance by the plaintiff and breach by the defendant. Kraus v. General Motors Company, D.C., 27 F.Supp. 537; 4 Cyc. of Fed.Prac. 522, Section 1185.

■■■ Defendant urges that the statement of the claim in cause of action I is deficient for failure to expressly allege compliance with that provision of the contract which requires written consent to any assignment of the contract. It may be conceded that a cautious pleader would have included such an allegation. See illustrative form at 4 Cyc. Fed.Prac. 569, Section 1247. But the controlling consideration on this point is whether under any state of facts that could be proved in support of the claim, relief might be had. In the first "cause of action" plaintiffs allege the contract, its assignment by Kincaid & King Construction Co., a partnership, to Kincaid & King Construction Co., Inc., a corporation, performance on the part of the plaintiffs and breaches by the defendant, to the damage of the plaintiffs. This appears to be sufficient to warrant the admission of evidence to prove that the assignment was made with the written consent of the defendants. That written consent is not pleaded is of no importance in view of the affirmative allegation that it was assigned and the absence of anything to the contrary appearing on the face of the complaint. Construing the statement of the claim in the most favorable light to the plaintiffs I cannot hold that evidence of written consent would be inadmissible. Accordingly, I conclude that the claims in behalf of Kincaid & King Construction Co., Inc., are such that relief might be granted in its favor so far as the validity of the assignment is concerned and, hence, that to this extent the defendant's motion must fail. Woods v. Parsons, D.C., 7 F.R.D. 528. In the case just cited the motion to dismiss was directed against a complaint based upon a written contract ostensibly made in the name of the defendant by his agent. The insufficiency asserted was the failure to allege expressly that the agent was authorized in writing by the principal to make the contract in his behalf and the movant

challenged this as an omission to state facts negativing the defense of the statute of fraud. The Court, however, took the view that since the agency was affirmatively alleged, written authority of the agent might be proved. See Smith v. Cushman Motor Works, Inc., D.C., 8 F.R.D. 221.

The foregoing remarks apply to the remaining claims except that set forth in "cause of action" III. I am of the opinion, therefore, that defendant's motion to dismiss these claims, should be denied. Paragraph III avers that "cause of action" III does not state a claim on which relief can be granted because the damages sought are too remote and speculative. However consequential damages of the kind here alleged are allowable if they were reasonably foreseeable. Restatement Contracts, Sec. 330; 5 Williston on Contracts 3783, Sec. 1347. Since the plaintiffs are entitled to an opportunity to introduce evidence on this issue, it follows that this claim is likewise sufficient as against the motion to dismiss.

I conclude, therefore, that the defendant's motion to dismiss should be denied. Ten days from the filing of this opinion are allowed the defendant in which to answer.