# HOUSTON, SECRETARY OF THE TREASURY, ET AL. *v.* ORMES, ADMINISTRATOR OF LOCK-WOOD.

## APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 86. Argued January 23, 1920.—Decided April 19, 1920.

Where a fund has been appropriated by Congress for payment to a specified person in satisfaction of a finding of the Court of Claims, the duty of the Treasury officials to pay it over is ministerial; and a suit by one who has an equitable right in the fund, for attorney's fees, to establish such right as against the owner, and to require the Treasury officials to pay the fund to a receiver, is not a suit against the United States, and may be maintained in the courts of the District of Columbia if the owner, as well as the officials, is made a party and bound by the decree so that it may afford due acquittance to the Government. P. 472.

The situs of the debt in such cases is not material, if its owner voluntarily appears and answers without objecting to the jurisdiction. P. 474.

Section 3477 of the Revised Statutes does not prevent assignment by operation of law after a claim has been allowed. P. 473.

47 App. D. C. 364, affirmed.

THE case is stated in the opinion.

*The Solicitor General,* with whom *Mr. Morgan Beach* and *Mr. A. F. Myers* were on the brief, for appellants:

The test whether or not a suit is one against the United States or against an officer as an individual depends upon the nature of the decree to be entered. If the decree would control the action of the officer outside the scope of his authority, the interest of the Government would not be involved and the suit would be one against the individual. *Philadelphia Company* v. *Stimson,* 223 U. S.

605, 620. But if the decree would control the action of the officer within the scope of his authority, or interfere with the United States in the use of its property or performance of its functions, the suit would be one against the United States. *Wells* v. *Roper*, 246 U. S. 335, 337.

In the case at bar it is sought to enjoin these government officers from discharging an official duty devolved upon them by statute. The payment of the fund in question to the defendant Sanders is a ministerial duty, the performance of which could be compelled by mandamus. *Parish* v. *MacVeagh*, 214 U. S. 124. This conclusively establishes the character of the suit as one to control the official action of the appellants.

Moreover, the suit is an attempt to control the property of the United States in the hands of these officials. That this cannot be done is made clear by *Belknap* v. *Schild*, 161 U. S. 10. See also *Goldberg* v. *Daniels*, 221 U. S. 218.

If high officials of the Government, acting wholly within the scope of their authority, may be sued in proceedings of this kind, officials of the Treasury Department will be subject to be sued by creditors of the successful claimant whenever an appropriation is made in satisfaction of a claim against the United States, and will be greatly hampered in the discharge of their official duties. This would be contrary to public policy. *Morgan* v. *Rust*, 100 Georgia, 346, and cases cited.

Debts due from the United States have no situs at the seat of Government. This has been many times decided.

The appropriation, which is made payable "out of any money in the Treasury not otherwise appropriated," segregates no special fund from the general funds of the Government. The situation simply is that there is a debt due from the Government to a resident of Vinita, Okla., and this debt, it is contended, has no situs in the District of Columbia which would warrant a proceeding by publication. *Vaughan* v. *Northup*, 15 Pet. 1; *Wyman* v. *Hal-*

*stead,* 109 U. S. 654; *Mackey* v. *Coxe,* 18 How. 100; *Borcherling* v. *United States,* 35 Ct. Clms. 311, affd. 185 U. S. 223.

*Miss Mary O'Toole* for appellee.

*Mr. Chapman W. Maupin,* by leave of court, filed a brief as *amicus curiæ.*

MR. JUSTICE PITNEY delivered the opinion of the court.

This was a suit in equity, brought by the late Belva A. Lockwood in her lifetime in the Supreme Court of the District of Columbia, to establish an equitable lien for attorney's fees upon a fund of $1,200 in the Treasury of the United States, appropriated by Congress (Act of March 4, 1915, c. 140, 38 Stat. 962, 981) to pay a claim found by the Court of Claims to be due to one Susan Sanders, who was made defendant together with the Secretary of the Treasury and the Treasurer of the United States. There were appropriate prayers for relief by injunction and the appointment of a receiver. Defendant Sanders voluntarily appeared and answered denying her indebtedness to plaintiff; the other defendants answered admitting the existence of the fund and declaring that as a matter of comity and out of deference to the court it would be retained under their control to await the final disposition of the case; but objecting to the jurisdiction of the court over the cause upon the ground that debts due from the United States have no situs in the District of Columbia, that there was nothing to show that either the United States or the defendant Sanders had elected to make the sum alleged to be due from the United States payable to her in the District, and that in the absence of personal service upon her the court could make no decree that would protect the United States. There was a final decree adjudging that

the sum of $90 was due from the defendant Sanders to Mrs. Lockwood, with costs, and appointing a receiver to collect and receive from the Secretary of the Treasury the $1,200 appropriated in favor of Sanders, directing the Secretary to pay the latter sum to the receiver, and decreeing that his receipt should be a full acquittance to the United States for any and all claims and demands of the parties arising out of or connected with said claim. The Secretary of the Treasury and the Treasurer appealed to the Court of Appeals of the District of Columbia, the defendant Sanders not appealing. That court affirmed the decree, 47 App. D. C. 364; and a further appeal taken by the officials of the Treasury under § 250, Judicial Code, brings the case here.

The principal contention is that because the object of the suit and the effect of the decree were to control the action of the appellants in the performance of their official duties the suit was in effect one against the United States. But since the fund in question has been appropriated by act of Congress for payment to a specified person in satisfaction of a finding of the Court of Claims, it is clear that the officials of the Treasury are charged with the ministerial duty to make payment on demand to the person designated. It is settled that in such a case a suit brought by the person entitled to the performance of the duty against the official charged with its performance is not a suit against the Government. So it has been declared by this court in many cases relating to state officers. *Board of Liquidation* v. *McComb,* 92 U. S. 531, 541; *Louisiana* v. *Jumel,* 107 U. S. 711, 727; *In re Ayers,* 123 U. S. 443, 506. In *Minnesota* v. *Hitchcock,* 185 U. S. 373, 386, while holding that a suit against officers of the United States might be in effect a suit against the United States, the court said (p. 386): "Of course, this statement has no reference to and does not include those cases in which officers of the United States are sued, in appropriate

form, to compel them to perform some ministerial duty imposed upon them by law, and which they wrongfully neglect or refuse to perform. Such suits would not be deemed suits against the United States within the rule that the Government cannot be sued except by its consent, nor within the rule established in the *Ayers* case." And in *Parish* v. *MacVeagh*, 214 U. S. 124, the court upheld the right of a claimant, in whose favor an appropriation had been made by Congress, to have a mandamus against the Secretary of the Treasury requiring him to pay the claim. To the same effect, *Roberts* v. *United States*, 176 U. S. 221, 231.

In the present case it is conceded, and properly conceded, that payment of the fund in question to the defendant Sanders is a ministerial duty, the performance of which could be compelled by mandamus. But from this it is a necessary consequence that one who has an equitable right in the fund as against Sanders may have relief against the officials of the Treasury through a mandatory writ of injunction, or a receivership which is its equivalent, making Sanders a party so as to bind her and so that the decree may afford a proper acquittance to the Government. The practice of bringing suits in equity for this purpose is well established in the courts of the District (*Sanborn* v. *Maxwell*, 18 App. D. C. 245; *Roberts* v. *Consaul*, 24 App. D. C. 551, 562; *Jones* v. *Rutherford*, 26 App. D. C. 114; *Parish* v. *McGowan*, 39 App. D. C. 184; *s. c.* on appeal, *McGowan* v. *Parish*, 237 U. S. 285, 295). Confined, as it necessarily must be, to cases where the officials of the Government have only a ministerial duty to perform, and one in which the party complainant has a particular interest, the practice is a convenient one, well supported by both principle and precedent.

Section 3477, Rev. Stats., regulating the assignment of claims against the United States, is not an obstacle. As has been held many times, the object of Congress in this legis-

lation was to protect the Government, not the claimant; and it does not stand in the way of giving effect to an assignment by operation of law after the claim has been allowed. *Erwin* v. *United States*, 97 U. S. 392, 397; *Goodman* v. *Niblack*, 102 U. S. 556, 560; *Price* v. *Forrest*, 173 U. S. 410, 423–425.

In support of the contention that a court of equity may not control the action of an officer of the United States within the scope of his authority, *Wells* v. *Roper*, 246 U. S. 335, is cited; but it is not in point; the official duty sought to be subjected to control in that case was not ministerial but required an exercise of official discretion, as the opinion shows (p. 338).

It is further objected that debts due from the United States have no situs at the seat of Government, and *Vaughan* v. *Northup*, 15 Pet. 1, 6; *Mackey* v. *Coxe*, 18 How. 100, 105; *Wyman* v. *Halstead*, 109 U. S. 654, 657, are cited. But in the present case the question of situs is not material. If the jurisdiction as to the defendant Sanders had depended upon publication of process against her as a nonresident under § 105 of the District Code (Act of March 3, 1901, c. 854, 31 Stat. 1189, 1206), upon the theory that her claim against the Government was "property within the District," the point would require consideration. But the jurisdiction over her rests upon her having voluntarily appeared and answered the bill without objection. Hence there is no question that the decree binds her, and so constitutes a good acquittance to the United States as against her.

The decree will be

*Affirmed.*