Henry T. ZIPLEY, t/a Glenside Roofing and Siding Co., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 16426.

United States District Court
E. D. Pennsylvania.

Nov. 1, 1957.

Jules Bell, Glenside, Pa., Joseph J. Lyman, Washington, D. C., for plaintiff.

G. Clinton Fogwell, Jr., Asst. U. S. Atty., Norman Kron, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

WATSON, District Judge.

Plaintiff brought this action to recover taxes which, he alleges, were paid erroneously on the earnings of various workers under the Federal Insurance Contributions Act, Title 26 U.S.C.A. § 1400 et seq., and the Federal Unemployment Tax Act, Title 26 U.S.C.A. § 1600 et seq. Plaintiff contends that the taxes were paid because he believed, at the time of payment, that various workmen were "employees" within the definitions contained in the above-mentioned Acts.[1]

The case was heard by the Court sitting without a jury.

## Findings of Fact

1. Plaintiff is an individual doing business at Glenside, Pennsylvania, and was such at the time the taxes in question were paid.

2. During the periods from September 30, 1948, to June 30, 1952, plaintiff was engaged in the business of home repairs which, in the main, consisted of selling and applying various types of roofing and siding materials.

3. Sales of plaintiff's materials and services were procured by salesmen who were recruited generally through newspaper advertisements.

4. Plaintiff provided office space and other facilities for the salesmen including stationery, telephones and secretarial service.

5. The compensation of the salesmen consisted wholly of commissions which were based upon a percentage of their sales. The salesmen were permitted to draw against anticipated commissions and the amount of the draw was deducted from their commissions.

6. There were no written contracts of employment between plaintiff and salesmen and plaintiff could discharge them at will.

7. Salesmen were supplied with price lists of labor and materials and, when necessary to meet competition, were allowed to vary these prices within limits fixed by plaintiff.

8. Plaintiff approved each agreement of sale before construction or repairs commenced.

9. Salesmen were allowed to arrange their own work schedules without interference from plaintiff.

10. Plaintiff was primarily concerned with the procurement of sales and he allowed the salesmen to exercise their discretion as to the manner in which sales might best be made.

11. The actual construction work was performed by applicators who were paid by plaintiff on a "per square" basis. Each square consisted of 100 square feet of applied material.

12. There were no written contracts of employment between plaintiff and the applicators.

13. Where additional skill or time was necessary, the applicator was free to reject the job offered if plaintiff refused to compensate the applicator for such.

14. Applicators usually furnished their own tools and equipment but when necessary they could rent such from plaintiff.

15. Applicators furnished their own transportation to and from their places of work.

16. Applicators' helpers were paid by check by the plaintiff and the amount so paid was deducted from the sum due the applicator who had employed the helper.

17. Applicators were not obliged to accept the work offered by plaintiff and they were free to accept jobs offered by

1. Section 1426(d) Title 26 U.S.C.A. sets forth the definition of the term "employee" and also includes various classes of workers who come within the "employee" category.

other contractors operating in plaintiff's field.

18. There was no continuity of employment between plaintiff and applicators: each project was a separate and distinct undertaking on the part of each.

19. The employee-employer relationship did not exist between plaintiff and the salesmen.

20. The employee-employer relationship did not exist between plaintiff and the applicators.

21. Facts found in the discussion which follows herein.

## Discussion

This action was brought to recover taxes paid on the earnings of certain workers who, plaintiff alleges, were independent contractors and not employees. Should the workers be independent contractors, it is clear that they are without the contemplation of the Acts under which these taxes were paid, and plaintiff would be entitled to a refund of these taxes.

The distinction between an independent contractor and an employee, for the purpose of these Acts, has not always been clear. However, in United States v. Silk, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757, and Harrison v. Greyvan Lines, Inc., 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757, the United States Supreme Court removed much of the confusion which had existed in the law relating to this problem. Following these decisions came a Senate Report which, after adoption, further clarified the issue and, thereafter, the common law rules were used to determine whether an individual was an employee or an independent contractor for purposes of applying the Social Security Act, 42 U.S.C.A. § 301 et seq.

The common law rule provided that when the person for whom services are rendered has the right to control and direct the individual who renders the services, not only as to the result desired but also as to the details and means by which the desired result is accomplished, then an employee-employer relationship exists. It follows that where such control does not exist the employee-employer relationship does not exist and the statutes which outline the duties of employers with regard to the payment of taxes, such as these with which we are here concerned, do not apply to the person for whom the services are rendered.

In Radio City Music Hall Corp. v. United States, 2 Cir., 135 F.2d 715, 717, the Court said that "The test lies in the degree to which the principal may intervene to control the details of the agent's performance * * *." Accordingly, the facts of each case must be examined in the light of this statement. In the instant case we must conclude, after careful examination of the evidence and testimony, that neither the salesmen nor the applicators were subject to such a degree of control by plaintiff in the details of the performance of their work so as to bring them within the employee category. The salesmen were free to conduct their operations as they saw fit subject only to plaintiff's final approval. A similar situation existed between plaintiff and the applicators. The applicators were skilled in the application of roofing and siding materials and the Court is compelled to conclude, that plaintiff's right to control did not extend to the details and means by which the applicators performed their duties, but that his right to control extended only to the result.

Therefore, the Court finds that neither the salesmen nor the applicators were employees and that plaintiff should be entitled to a refund of the taxes erroneously paid.

## Conclusions of Law

1. This Court has jurisdiction over the subject matter and the parties.

2. Neither the salesmen nor the applicators, upon whose earnings the plaintiff paid federal insurance contribution taxes and federal unemployment taxes, were employees within the meaning of

the term "employee" as defined in Sections 1426(d) and 1607(i) of Title 26 U.S.C.A.

3. The plaintiff, Henry T. Zipley, is entitled to recover the taxes erroneously paid and collected.

4. Judgment will be entered in favor of the plaintiff and against the defendant.