PENNSYLVANIA TURNPIKE
COMMISSION

v.

Edgar A. McGINNES, District Director of Internal Revenue, Philadelphia, Manu-Mine Research & Development Company and Seaboard Surety Company.

Civ. A. No. 24217.

United States District Court
E. D. Pennsylvania.

Sept. 29, 1958.

582

Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for plaintiff.

Daniel Mungall, Jr., Harold K. Wood, U. S. Atty., Philadelphia, Pa., Frederick G. McGavin, Reading, Pa., for defendants.

KIRKPATRICK, District Judge.

The defendant Manu-Mine had contracts with the Pennsylvania Turnpike Commission and others which resulted in large profits. The complaint avers that, in 1956, Manu-Mine paid to the office of McGinnes, the District Director of Internal Revenue, income taxes for the taxable year ending October 31, 1955, in the sum of more than $1,000,000. The money so paid was entirely derived from funds obtained from the Turnpike Commission by means of a conspiracy to defraud. In 1957 Manu-Mine assigned to the defendant Seaboard, a creditor, all of its interest in any money which might become due by reason of any overpayment of federal income tax for its taxable year 1955. The District Director (the defendant McGinnes) is about to allow a claim for refund in the amount of some $900,000 of income tax paid by Manu-Mine for the taxable year ending October 31, 1955, and arising from losses in 1957, incurred in an operation having nothing to do with the Turnpike job. In this action the plaintiff claims that it is entitled to the refund and seeks to prevent its payment to either Manu-Mine or its assignee Seaboard. Now before the Court are the defendants' motions to dismiss.

1.

█ Without entering upon a discussion of all of the grounds upon which the plaintiff contends that the Court has jurisdiction I can state my opinion that Section 2463 of Title 28 U.S.C.A. which provides that property "taken or detained under any revenue law of the United States * * * shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof" is adequate to support the jurisdiction. In Raffaele v. Granger, 196

F.2d 620, 623, the Court of Appeals for the Third Circuit, by Judge Hastie, said "Moreover, a plenary civil suit is not necessary to enable a court to exercise jurisdiction over property thus in custodia legis. It suffices that the statute says property distrained by the tax collector is deemed to be before the court and 'subject only to * * * (its) orders and decrees * * * *' " In that case a warrant of distraint had issued, but I think the language of the statute ("property taken or detained under any revenue law") is quite broad enough to cover property or money which has been voluntarily paid, the title to which is subject to dispute. The case cited also holds that "the court having jurisdiction thereof" is the district court for the district wherein the property is situated, in this case the Eastern District. See also National Iron Bank v. Manning, D.C., 76 F.Supp. 841; Gerth v. United States, D.C., 132 F.Supp. 894. From these decisions it appears that it is not necessary that the District Director be interested, except as a stakeholder, or that there be diversity of citizenship between the claimants.

2.

█ The fact that an action is pending in the Dauphin County Court between the plaintiff and Manu-Mine to recover the funds alleged to have been obtained by fraud from the plaintiff does not bar the prosecution of this action. Evans v. International Typographical Union, D.C., 76 F.Supp. 881.

3.

██ The issuance of a preliminary injunction by the Court of Common Pleas of Dauphin County, 13 Pa.Dist. & Co. R.2d 290, which action was affirmed by the Pennsylvania Supreme Court in Pennsylvania Turnpike Commission v. Evans, 392 Pa. 110, 139 A.2d 530, involving the facts now before this Court, does not amount to res judicata. The doctrine of res judicata does not apply to an interlocutory order or injunction. See Paxson's Appeal, 106 Pa. 429; Creighan v. City of Pittsburgh, 389 Pa. 569, 574, 132

A.2d 867; Gonzales v. Gonzales, D.C., 83 F.Supp. 496, 500. This is true even though the interlocutory order or injunction has been affirmed on appeal. De Forest Radio Telephone & Telegraph Co. v. Westinghouse Electric & Manufacturing Co., D.C., 13 F.2d 1014; Westinghouse Electric & Manufacturing Co. v. De Forest Radio Telephone & Telegraph Co., 3 Cir., 1927, 21 F.2d 918.

#### 4.

The terms of the injunction issued by the Court of Common Pleas do not forbid the plaintiff to prosecute this action. The injunction enjoined Manu-Mine "from disposing of any assets and funds that shall come into its hands, *representing the equity of said company* after the payment and satisfaction of prior liens and claims as mentioned in this opinion." The allegations of the complaint in this case are that the plaintiff here is seeking to recover its own property, not an equity belonging to Manu-Mine, from a third person before it comes into the hands of Manu-Mine or its assignee, Seaboard Surety Company.

#### 5.

The complaint states a cause of action upon which relief can be granted.

The theory of the plaintiff is that the money fraudulently obtained by Manu-Mine from the Commission was still the Commission's money in Manu-Mine's hands. Of course, the Government had no knowledge of the fraud and, hence, did not become a trustee, so that there is no presumption that it preserved the fund intact by making its various payments out of other monies on hand.

However, it is clear that the purpose of the statutory carryback was not to reimburse the taxpayer for losses but to give him the same tax advantage which he would have had but for the accident of the loss occurring in a year in which it could do him no good taxwise. Thus, if the refund is paid to the taxpayer, the transaction will be much as though the taxpayer had wrongfully used the Commission's money to pay an obligation which had subsequently been found to have been over-estimated and which is to be adjusted by a return of a portion of the money so paid. Suppose Manu-Mine had used the Commission's money to buy equipment, the price of which was subsequently reduced by agreement and part of the price returned to the wrongdoer. It would seem that that cash as well as the equipment in the hands of Manu-Mine would be subject to a constructive trust, and I see no reason why a tax obligation which is discharged with cash, part of which is subsequently remitted and money returned to the wrongdoer, should not be treated in the same way. If the money when returned to Manu-Mine would become subject to the trust, then the money in the hands of the District Director which he is about to return to Manu-Mine is subject at least to an equitable lien whether or not he is a bona fide purchaser, since he himself does not seek to retain it.

An order may be presented denying the defendants' motions to dismiss. I think the case is a proper one for the application of the Interlocutory Appeals Act of September 2, 1958, 28 U.S.C.A. § 1292, and the order may include a statement in accordance with that Act.