F. G. Fiechter, Jr., Philadelphia, Pa., for trustee in bankruptcy.

**Henry T. ZIPLEY t/a Glenside Roofing & Siding Co.,**

v.

**UNITED STATES of America.**

**Civ. A. No. 16426.**

United States District Court
E. D. Pennsylvania.

March 6, 1959.

VAN DUSEN, District Judge.

Sur petitions for payment of money in registry of court to Henry T. Zipley (Document No. 18),[1] United States of America (Document No. 20) and to the trustee in bankruptcy of Elayne M. Zipley, trading as Glenside Roofing & Siding Company (Document No. 23).

I. History of the Case

This action was instituted on February 3, 1954, for the recovery of inadvertently and erroneously paid Federal Insurance Contributions (see 26 U.S.C.A. § 1400 ff.) and Federal Unemployment Compensation Taxes (see 26 U.S.C.A. § 1600 ff.).

---

5. See United States, to Use of Noland Co., Inc., v. Maryland Casualty Co., D.C.Md., 1941, 38 F.Supp. 479, 484–485.

1. All document numbers refer to those in the Clerk's file.

After a trial, Judge Watson entered judgment for the plaintiff upon the basis of an opinion containing Findings of Fact and Conclusions of Law (Document No. 8, D.C., 156 F.Supp. 141). Subsequently, the defendant filed a motion for leave to pay the amount of the judgment [2] into the registry of the court. After hearing on this motion and agreement by all counsel concerned,[3] the undersigned granted the motion by order filed August 7, 1958 (Document No. 17), pursuant to which defendant paid $3,333.61 into the registry of the court on August 19, 1958, and $1,755.23 of this sum was paid to plaintiff's tax attorneys on the same date, leaving a balance of $1,578.38 in the registry of the court.

Subsequently, the above-mentioned petitions were filed for payments out of the balance in the registry. Henry T. Zipley claims $902.34 ($1,578.38 less $676.04, which he concedes is owing to the United States of America [4]). The United States of America claims $676.04, being the amount due on a judgment entered December 27, 1956, against Henry T. Zipley (No. 769, Nov. Term 1954, Court of Common Pleas of Montgomery County, Pa.), which judgment was marked to the use of the United States of America on October 21, 1957.[5] Henry S. Miller, trustee in bankruptcy of the estate of Elayne M. Zipley, claims the entire amount of $1,578.38, alleging that the United States of America must file its claim for $676.04 in the bankruptcy proceedings since the trustee contends he became entitled to the claim covered by the complaint filed February 23, 1954, by the adjudication of Elayne M. Zipley as a bankrupt on December 10, 1956 (N.T. 85).[6]

Hearings were held on the above petitions on November 3 and November 6, 1958. At both hearings, counsel for all three petitioners were present, and it was agreed that the deposition of Elayne M. Zipley would be taken by the trustee, transcribed, and added to the record (N.T. 90–1, 95–6). The transcript of this deposition was filed January 15, 1959 (Document No. 26), and the final brief of counsel was filed in February 1959.[7] A stipulation (Document No. 24) was also filed that the attached letters of November 15 (Mr. McClain) and November 17 (Mr. Bell) are to be considered as if their authors had testified in accordance with those letters.

Counsel agreed that the hearing judge should decide the matter on briefs, without further argument, after the record was completed in January 1959.

## II. Findings of Fact

Although Mrs. Zipley had been a partner in the Glenside Roofing & Siding Company for about two years in the late 1940s, she withdrew from this business prior to April 15, 1950, and it was conducted by Henry T. Zipley as a sole proprietor, at least from April 15, 1950, until the latter part of November 1954 (N.T. 18, 26, 78). At that time, a partnership was formed between Henry T. Zipley and Elayne M. Zipley for the conduct of this business under the name of the Glenside Roofing & Siding Company (see Exhibit P–1), but it was specifically agreed between the partners that the

2. The amount of the judgment was last amended by Judge Watson on April 21, 1958. Meanwhile, the defendant had filed an appeal to the United States Court of Appeals for the Third Circuit which was dismissed by the court (see No. 12545) under date of 3/17/58 under agreement of the parties.

3. See letter dated 7/31/58, attached to Document No. 17.

4. See paragraph 5 of Document No. 18 (Henry T. Zipley's petition) and N. T. 2.

5. See Document No. 20 (Government's petition), Document No. 22, and N. T. 84.

6. See Document No. 22 and Document No. 23 (trustee's petition).

7. The following briefs of counsel are being placed in the Clerk's file: Brief of Henry T. Zipley filed October 1958; Brief of Trustee filed November 1958; Additional Brief of Trustee filed 1/26/59; and Additional Brief of Henry T. Zipley filed 2/2/59.

claim represented by this suit (Civil Action No. 16,426) was to be retained by Henry T. Zipley and to be excluded from the partnership when the partnership was started at the end of November 1954.[8]

Henry T. Zipley withdrew from this partnership in December 1955 [N.T. 24 and Deposition (Document No. 26), pp. 30–1] and Elayne M. Zipley operated it as a sole proprietorship for at least nine months prior to the filing in December 1956 of an involuntary petition under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. (Cause No. 24897; N.T. 19 & 36). The business went downhill rapidly after Mrs. Zipley operated it as a sole proprietorship beginning December 1955 (N.T. 87), but it was solvent in November 1954, when Mrs. Zipley became a partner, and the claim represented by this suit was retained by Mr. Zipley (see Exhibit T–1).

At the time of the trial of this suit before Judge Watson in November 1956, the cost of transcribing the notes of testimony taken at that trial was paid for by Mrs. Zipley (letter of November 17, 1958, attached hereto).[9]

## III. Discussion

The entire argument of the trustee must rest on an attempt to discredit the testimony of his own witness.[10] This witness testified that the right to any amounts covered by this suit was retained solely by Mr. Zipley in his own capacity in November 1954, using this language at page 11 of her Deposition (Document No. 26): [11]

> "Actually, I told Zip he could have it, because, first of all, I never believed it would go through. We thought it was just another one of his pranks, actually. When he said he was suing the Government, I said, 'You can keep it if you win anything out of suing the Government.' That is exactly the way it was."

Although the hearing judge would have some doubt about the findings set out above without the testimony of this witness [12] and if she was not the trustee's witness, the findings are required by this

---

8. Mr. Zipley testified that, at a conference in November 1954 when the partnership was set up, he made clear that this suit was "my own personal case" and his wife was not to get anything out of it (N. T. 30–2, 79). Mr. Bell (then Mr. Zipley's attorney), Mr. McClain (then Mrs. Zipley's attorney), and Mrs. Zipley's father (Mr. Hopkins), as well as Mr. and Mrs. Zipley, were present at this conference (N. T. 30–1, 60, and Deposition, p. 10). He also testified that this arrangement was repeated and acknowledged at the negotiations incident to his withdrawal from the partnership, his divorce and the property settlement, which took place in December 1955 and April 1956 (N. T. 28, 68). Mr. McClain's testimony confirms that of Mr. Zipley on both these points (see letter of 11/15/58 attached). Mrs. Zipley testified that this tax case was excluded from the partnership set up at the end of 1954 and all rights under it were retained by Mr. Zipley [Deposition (Document No. 26), pp. 8, 11, 12, 19, 20, 26, 36].

9. In the other letter of November 17, 1958, Mr. Bell states that Mr. Zipley insisted at the time of this trial that he was entitled to half of what was re-

covered in return for his testifying. However, when Mr. Zipley testified at the November 1958 hearing, he insisted that he meant, by using the term "one-half," the entire one-half that was not to be paid to the tax lawyer (Mr. Lyman) under his contingent fee statement (N. T. 72–4).

10. N. T. 90–1 and 95–6 make clear that it was the trustee who wanted Mrs. Zipley as a witness and the record was kept open at his request when she did not appear at the hearing of November 6, 1958.

11. See, also, pages of deposition referred to at the end of footnote 8 above.

12. The findings of fact need not be based on the disputed portions of Mr. Zipley's testimony in view of the above-mentioned testimony of Mrs. Zipley. However, it is noted that the attack on Mr. Zipley's credibility contained in the brief filed by the trustee on 1/26/59 is not fully supported by the statements contained in that brief, which, it is also noted, refers to several matters which are not of record in this case. As an example of an overstatement in that brief, it is stated at pp. 1 and 2 that the affidavit of Mr.

record since Mrs. Zipley was the trustee's witness. The above-quoted direct testimony overcomes any inference that may be drawn from the fact that Mrs. Zipley paid for the costs of transcribing the notes of testimony at the trial.

The claim was clearly owned by Henry T. Zipley, as a sole proprietor, as of the time this suit was instituted in 1954. The trustee has not sustained his burden of showing that Elayne M. Zipley was entitled to recover any part of this claim because she was a partner in the enterprise for a few months in 1950, since there is nothing in the record to show either that any of the refunded tax payments were made prior to April of 1950 or that, when the partnership was terminated early in 1950, the understanding was that this claim should not continue with the business.

On this record, it is not necessary to decide whether Mrs. Zipley could assign any right she may have had to this claim, since, under the evidence, this right was not assigned to the newly-formed partnership of November 1954 but was specifically retained by Henry T. Zipley from the assets assigned to that partnership.

### IV. Conclusions of Law

1. This court has jurisdiction of the parties and the subject matter. See Pennsylvania Turnpike Commission v. McGinnes, D.C.1958, 169 F.Supp. 580.

2. The United States of America is entitled to payment out of the registry of the court in the amount of $676.04.[13]

3. Henry T. Zipley is entitled to payment out of the registry of the court in the amount of $902.34.

4. The petition of the trustee (Document No. 23) should be dismissed.

Lyman (Document No. 10) "contains a statement that Mr. Lyman received a retainer of $125.00." Actually, the memorandum agreement attached to that affidavit only states that "It is further agreed that the attorney is to receive the sum of $125.00 as a retainer fee, * * *." There is no evidence that the $125 was in fact paid. The trial judge does not mean by this comment to reflect upon the integrity and ability of

### Order

And Now, March 6, 1959, it is Ordered that $676.04 be paid out of the registry of the court to the Treasurer of the United States of America and that $902.34 be paid out of the registry of the court to Henry T. Zipley.

counsel for the trustee, who did his usual and able job in this case, but, as stated above, the arguments in his brief are not, in all cases, fully supported by the record.

13. All parties agree that the United States of America is entitled to recover in accordance with the terms of its petition if the trustee is not entitled to recover in accordance with his petition. See footnotes 4 and 5 above.