**PENNSYLVANIA TURNPIKE COMMISSION**

v.

**Edgar A. McGINNES, District Director of Internal Revenue, Philadelphia,**
and
**Manu-Mine Research & Development Company, Appellant**
and
**Seaboard Surety Company, Appellant.**

No. 12796.

United States Court of Appeals
Third Circuit.

Argued March 16, 1959.

Decided June 8, 1959.

On Petition for Rehearing
June 26, 1959.

McLaughlin, Circuit Judge, dissented.

Jack Hart, New York City (Frederick G. McGavin, Reading, Pa., Daniel Mun-

gall, Jr., Philadelphia, Pa., on the brief), for appellants.

Aaron M. Fine, Philadelphia, Pa. (Harold E. Kohn, Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., Henry E. Harner, Harrisburg, Pa., on the brief), for appellee.

Before McLAUGHLIN and HASTIE, Circuit Judges, and MORRILL, District Judge.

HASTIE, Circuit Judge.

This is an interlocutory appeal which has been perfected and allowed as provided by Section 1292(b) of Title 28 United States Code, as amended by the Act of September 2, 1958, Public Law 85–919, 72 Stat. 1770. The sole question we consider, in reviewing the district court's denial of motions to dismiss the complaint, is whether the complaint states a claim within federal jurisdiction.[1]

■ Pennsylvania Turnpike Commission, a corporate agency of the State of Pennsylvania, brought this action in the District Court for the Eastern District of Pennsylvania in an effort to obtain a sum of money, allegedly about to be paid to defendant Manu-Mine Research & Development Co. in refund of an overpayment of Manu-Mine's 1955 federal income taxes. Defendant Seaboard Surety Co. is sued as an assignee of Manu-Mine's claim against the government. Defendant Edgar McGinnes is District Director of Internal Revenue. The complaint alleges that in 1956 Manu-Mine paid more than a million dollars in 1955 federal income taxes, using for that purpose money it had realized by defrauding the plaintiff Turnpike Commission. By reason of such fraud the complaint asserts "that the funds so paid were and are properly the property of the plaintiff." It is further alleged that the defendant Manu-Mine has "recently applied to the office of the defendant Mc-

Ginnes" for a tax refund of about $900,-000. for the taxable year 1955 and that "defendant McGinnes is about to allow the aforesaid claim for refund and to direct its payment to defendant, Manu-Mine and/or defendant, Seaboard." Accordingly, the complaint prays that District Director McGinnes be enjoined from making any 1955 tax refund to Manu-Mine or Seaboard and be directed to pay the Turnpike Commission whatever 1955 tax refund may be owed to Manu-Mine.

This is not a diversity case and the only allegation of a basis of federal jurisdiction is a general claim that "this case arises under the Constitution and laws of the United States, involving the actions of the defendant McGinnes in his official capacity of District Director of Internal Revenue". On motion to dismiss the district court ruled that this case was within federal jurisdiction by force of the provision of Section 2463 of Title 28, United States Code, that "All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." D.C., 169 F.Supp. 580.

■ We think this was a mistaken view of the purport of Section 2463. That section is concerned with judicial authority over property, using property in the sense of an identifiable res, a chattel or a particular fund. When there is to be found within a district a chattel or a fund which the federal taxing authorities have seized or are holding there, the statute views this property for jurisdictional purposes as within the custody of the district court for that district and subject to litigation and disposition in that court. In that sense and to that extent Section 2463 is a source of federal jurisdiction. Ersa Inc. v. Dudley, 3 Cir., 1956, 234 F.2d 178; Rothensies v.

---

[1] Defendant Manu-Mine Co. based its motion on lack of jurisdiction and failure to state a case of action, while defendant Seaboard Surety Co. asserted the latter ground only. However, regardless of the stated grounds we should and do consider and decide the problem of jurisdiction which affects the entire claim.

Ullman, 3 Cir., 1940, 110 F.2d 590; Stuart v. Chinese Chamber of Commerce of Phoenix, 9 Cir., 1948, 168 F.2d 709. But this section has no application whatever where there is no res within the district upon which to found jurisdiction. The essentiality of a res is emphasized by the language of Section 2463 declaring that this statute provides a substitute for the common law remedy of replevin. We commented briefly on the history of this evolution of the old remedy for the distraint of personal property for taxes in Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620. Moreover, in First National Bank of Emlenton, Pa. v. United States, 3 Cir., 1959, 265 F.2d 297, decided March 18, 1959, we recently considered this problem and ruled that Section 2463 is concerned with situations where the matter in controversy is a res within the district where suit is brought.

In the present case there is no claim that the money paid by Manu-Mine in 1956 can be traced into any fund now to be found in the Eastern District of Pennsylvania. No doubt the 1956 payment has long since been covered as required by law into the general fund of the Treasury of the United States. There is no claim that any sum has since been withdrawn or segregated for repayment to Manu-Mine. Indeed, it is not even alleged that an effective order or decision directing such repayment has yet been made. In brief, there is in this case no identifiable property to which jurisdiction under Section 2463 can attach.

More generally, the complaint asserts that this action "arises under the Constitution and laws of the United States", but without specifying what law. At argument it has been urged that this is a suit arising under the federal revenue laws, apparently in the sense that it involves Manu-Mine's alleged claim, presumably asserted under appropriate federal statutes, for a tax refund. But this is not enough to create federal jurisdiction. The plaintiff is not asking the court to decide the merits of any federal right to a tax refund. It is merely alleged that, quite apart from this suit,

the government is about to recognize Manu-Mine's claim. The only substantive right plaintiff asserts is an equitable right to the benefit of anything Manu-Mine may collect, and that unquestionably is a local right created by the law of Pennsylvania where the alleged fraudulent imposition of Manu-Mine upon the Turnpike Commission took place. Thus, the federal court is asked, first, to find by applying Pennsylvania law to the Commission's dealings with Manu-Mine that Manu-Mine has wronged it and, second, to authorize what would in substance be a garnishment of a debt said to be owed Manu-Mine by the United States. The first of these matters is entirely a state controversy and the second is an attempted attachment of a debt owed by the sovereign without authorization by any federal law. Thus analyzed, the suit cannot possibly adjudicate the one question which arises under the internal revenue laws; namely, whether Manu-Mine's claim for refund is allowable. We conclude, therefore, that this is not a claim arising under any law of the United States. Compare Gully v. First National Bank, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; American Well Works Co. v. Layne & Bowler Co., 1916, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987.

In addition, the Turnpike Commission in its brief and argument has made repeated reference to the many cases in which personal actions have been allowed in federal courts against collectors of internal revenue, the predecessors of the present directors, and it has been argued that this is such a suit. But, as pointed out in United States v. Kales, 1941, 314 U.S. 186, 197–199, 62 S.Ct. 214, 86 L.Ed. 132, the kind of action which the law permits against a collector is a personal claim based on his unlawful seizure and appropriation of property for the satisfaction of taxes. The courts have interpreted the law as permitting this personal action even after the collection in controversy has been covered into the Treasury, and for that reason appropriate provisions are made

in such cases for the government to pay the personal judgment against the collector. For present purposes the important thing is that this authority to sue collectors is limited to claims of wrongdoing by the defendant in the exaction or collection of taxes. Here we have a voluntary payment by Manu-Mine pursuant to what seems to have been its own proper determination of its 1955 income tax. Years later, we are told, by reason of permitted carry back of subsequent losses, a 1955 refund has been claimed by Manu-Mine. There is not the remotest suggestion that the Collector wrongfully collected the 1955 tax. Thus, the decisions permitting suits against collectors for wrongful property seizure and tax collection have no relevance to the present case.

Finally, it has been argued that this case is like Houston v. Ormes, 1920, 252 U.S. 469, 40 S.Ct. 369, 64 L.Ed. 667, where the Supreme Court sanctioned a suit against the Secretary of the Treasury to establish a lien upon a fund appropriated by Congress for payment to an individual. The short answer is that federal jurisdiction was neither necessary nor found to exist in that case. As the Supreme Court recognized, the generally equitable jurisdiction of the District Court of the District of Columbia, analogous to the equitable jurisdiction of a state court, was invoked. Here in Pennsylvania it is the state courts and not any federal court which exercise such jurisdiction. Thus Houston v. Ormes, supra, is in no sense controlling.

We can find no basis of federal jurisdiction to support the present case and so conclude that the court below erred in refusing to dismiss the complaint.

The judgment will be reversed with direction to dismiss the complaint for want of jurisdiction.

McLAUGHLIN, Circuit Judge (dissenting).

I dissent from the majority opinion for the reasons expressed by Judge Kirkpatrick in his opinion in the district court, D.C., 169 F.Supp. 580.

Sur Petition for Rehearing

PER CURIAM.

■ The jurisdiction of the federal courts does not rest on any elastic equitable concepts. It can be exercised only within strict constitutional and even narrower statutory limits which distribute authority and responsibility for redressing wrongs between the national and the local governments in our federated republic. The petition for rehearing shows no persuasive reason for reconsidering our conclusion that the present claim is outside the limited grant of authority under which we act. This, of course, leaves the Turnpike Commission entirely free to invoke the equitable powers of the state courts in an effort to restrain Manu-Mine from disposing of any tax refund it may collect.

McLAUGHLIN, Circuit Judge (dissenting).

In the face of the impressive reasons marshaled by plaintiff-appellee in urging our rehearing of this appeal, it is not possible for me to fulfill my responsibility in this case by merely voting for rehearing.

The unusualness of the basis for suit with its necessarily circuitous approach tends to create a natural reluctance to accepting it for the sound, lawyerlike presentation of a worthy claim that it is. It is alleged that plaintiff's money, obtained by fraud, was paid over to the office of defendant McGinnes by the recipient, Manu-Mine. McGinnes has determined the money, as far as he is concerned, should be refunded to Manu-Mine or its assignee and is about to so return it. Plaintiff initially, and sine qua non, prays that McGinnes be restrained from doing that. It asserts its ownership of and its right to the money. That phase of the case will be subject to proof. What needs doing now to prevent a gross miscarriage of justice is to affirm the district court's order sustaining the complaint which allows the plaintiff, if it can, to establish its right to the money.

As a matter of court self respect before we permit the unbelievable act of turning over $900,000, alleged to be the property of the Pennsylvania Turnpike Commission, to the wrongdoer whose fraud against the Commission created the entire present situation, our full court should at least carefully scrutinize the facts and law involved. If, because of some suggested lack of formalism in its procedure, the State Commission is to be barred by us from the one real chance of recovering its property the decision should be that of the court en banc.