GREAT AMERICAN INSURANCE COM-
PANY, a Corporation, Plaintiff,

v.

Leon B. STILLEY, d/b/a Leon B. Stilley
Construction Co.; Marquette Cement
Mfg. Co., a Corporation; Central Stone
Company, a Corporation; and W. J.
Payes, Jr., Director, Department of
Public Works and Buildings, Division
of Highways, State of Illinois, Defend-
ants.

Civ. No. 5098.

United States District Court
E. D. Illinois.

Dec. 6, 1962.

Goldenhersh & Goldenhersh, East St.
Louis, Ill., Kenney & Flint, St. Louis,
Mo., for plaintiff.

Wagner, Conner, Ferguson, Bertrand
& Baker, East St. Louis, Ill., for de-
fendant Leon B. Stilley.

Norman, Engelhardt, Zimmerman, Franke & Lauritzen and Ralph Miller, Chicago, Ill., Bookwalter, Carter, Gunn & Hickman, Danville, Ill., Costello, Wiechert, Roberts, Gundlach, East St. Louis, Ill., for defendant Marquette Cement Mfg. Co.

Oehmke, Dunham, Boman & Leskera, East St. Louis, Ill., for defendant Central Stone Co.

Wm. G. Clark, Atty. Gen. of Illinois, Springfield, Ill., Paul P. Waller, Jr., Asst. Atty. Gen., East St. Louis, Ill., for defendant W. J. Payes, Jr.

JUERGENS, District Judge.

The plaintiff, Great American Insurance Company, seeks exoneration and equitable relief.

Plaintiff executed various bonds as surety for defendant Leon B. Stilley pursuant to certain highway and road construction between Stilley and the Division of Highways, Department of Public Works and Buildings, State of Illinois. The complaint alleges that Stilley has certain bills outstanding which were incurred in the performance of the contracts and which are due but unpaid.

The Marquette Cement Mfg. Co., a corporation, and Central Stone Company, a corporation, claim certain amounts and are made parties defendant to the action. W. J. Payes, Jr., Director of the Department of Public Works and Buildings, Division of Highways, State of Illinois, is also made a party defendant.

By its complaint the plaintiff seeks the court's aid in directing and assuring that job funds due and to become due to Stilley be used to pay job bills and obligations and in furtherance of the relief sought asks that the defendant be required to list the job creditors, the amounts owed and the dates the obligations were incurred; that the court require defendant Stilley to exonerate the plaintiff from the payment of any bills for materials and labor due or to become due, arising out of the project, and to pay and discharge any and all of the bills and protect plaintiff on account thereof; that defendant Stilley be enjoined from collecting and disposing of funds and estimates payable under the contract otherwise than for obligations, claims and expenses incurred in the performance of the contract; and that the sums due and to become due under the contract be paid jointly to the plaintiff and defendant Stilley by the State of Illinois. It is for the purpose of having the payments made jointly to the plaintiff and defendant Stilley that the defendant Payes, Director of the Department of Public Works and Buildings, Division of Highways, State of Illinois, is joined as a defendant.

Defendant Payes has filed his motion to dismiss the complaint as to him for the reason that the plaintiff by its action is in effect making the State of Illinois a party defendant, contrary to the provisions of Article 4, Section 26 of the Illinois State Constitution, S.H. A. Article 4, Section 26 of the Illinois State Constitution provides that the State of Illinois shall never be made defendant in any court of law or equity. People ex rel. Greening v. Green, 1943, 382 Ill. 577, 47 N.E.2d 465.

The Department of Public Works and Buildings is a governmental agency of the State of Illinois, and it is well settled that a suit against the department is a suit against the state and will not lie. On the other hand, where an action is maintained against a state officer or the director of a department on the ground that, while claiming to act for the state, he violates or invades the personal and property rights of the plaintiff under an unconstitutional act, or under an assumption of authority which he does not have, such a suit is not against the state. There is a presumption that the state, or a department thereof, will not, and does not, violate the constitution and laws of the state but that such violation, if it occurs, is by a state officer or the head of a department of the state, and such officer or head may be restrained by proper action instituted by

a citizen. Monroe v. Collins, 1946, 393 Ill. 553, 66 N.E.2d 670; People ex rel. Freeman v. Department of Public Welfare, 1938, 368 Ill. 505, 14 N.E.2d 642.

■ A suit against state officials is not necessarily a suit against the state. The constitutional inhibition cannot be evaded by making an action nominally one against the servants or agents of the state when the real claim is against the state itself; and if the state or a department thereof is in effect the real party in interest, then the suit will not lie. Schwing v. Miles, 1937, 367 Ill. 436, 11 N.E.2d 944, 113 A.L.R. 1504.

■ Whether or not an action comes within the prohibition of the constitution is not to be determined solely by an identification of the formal parties to the record. The determination rather depends upon the particular issues involved and the relief sought. Moline Tool Co. v. Department of Revenue, 1951, 410 Ill. 35, 101 N.E.2d 71.

To determine whether or not this proceeding is within the constitutional prohibition, it is necessary to look beyond the names of the formal parties to the record and examine the nature of the action.

In Houston v. Ormes, 1920, 252 U.S. 469, 40 S.Ct. 369, 64 L.Ed. 667, the United States Supreme Court had for consideration the question whether the Secretary of the Treasury and the Treasurer of the United States might properly be made parties defendant in an action by a plaintiff who sought to require payment of funds in the Treasury which had been found to be due and owing by the Court of Claims and had been appropriated by Congress. The Court had the following to say:

"* * * But since the fund in question has been appropriated by act of Congress for payment to a specified person in satisfaction of a finding of the Court of Claims, it is clear that the officials of the Treasury are charged with the ministerial duty to make payment on demand to the person designated. It is settled that in such a case a suit brought by the person entitled to the performance of the duty against the official charged with its performance is not a suit against the Government. So it has been declared by this court in many cases relating to state officers. * * * a suit against officers of the United States might be in effect a suit against the United States, * * *. 'Of course, this statement has no reference to and does not include those cases in which officers of the United States are sued, in appropriate form, to compel them to perform some ministerial duty imposed upon them by law, and which they wrongfully neglect or refuse to perform. Such suits would not be deemed suits against the United States within the rule that the Government cannot be sued except by its consent, * * *'."

In the instant case the plaintiff, as surety, is secondarily liable for claims arising out of the contract between defendant Stilley and the State of Illinois. Defendant Stilley is primarily liable. The plaintiff here merely seeks to assure that the funds due and to become due by the State of Illinois to defendant Stilley shall not be used for purposes other than the payment of claims arising in the performance of the contract—claims for which the plaintiff may become liable in the event they remain unpaid. It seems clearly equitable that the funds earned in the performance of the contract should properly be utilized to satisfy the liabilities incurred in the performance of the contract. Defendant Stilley might be enjoined from disposing of the funds and in default of the injunction could be penalized; such action would, however, not satisfy the obligations for which this suit is instituted. The one method by which the funds earned on the job may be earmarked for the payment of the liabilities incurred on the job is to have payments made jointly to the plaintiff and defendant Stilley.

306

The State of Illinois is not directly involved in this action, insofar as the creation of a liability is concerned, either by direct suit against the state or a department thereof. The relief sought rather would appear to be a merely ministerial function of the director and, as such, does not come within the constitutional prohibitions.

The court finds that defendant W. J. Payes, Jr., Director, Department of Public Works and Buildings, Division of Highways, State of Illinois, is a proper party to this action and further finds that this action is not within the constitutional prohibitions and, accordingly, finds that the motion to dismiss should be denied.